Hillsborough
No. 85-078

THE STATE OF NEW HAMPSHIRE

v.

DONALD ALLARD

August 12, 1986

*Stephen E. Merrill,* attorney general (*Tina Schneider,* assistant attorney general, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant moved to quash a complaint charging him with possession of burglar's tools, on the ground that it failed to state an element of the offense. The Superior Court (*Dalianis,* J.) denied the motion; we affirm.

RSA 635:1, V provides that

> "A person is guilty of a misdemeanor if he makes or mends, or begins to make or mend, or knowingly has in his possession, an engine, machine, tool, or implement adapted and designed for cutting through, forcing or breaking open a building, room, vault, safe, or other depository, in order to steal therefrom money or other property, or to commit any other crime, *knowing the same to be*

*adapted and designed for the purpose aforesaid,* with intent to use or employ or allow the same to be used or employed for such purpose."

(Emphasis supplied.) The complaint charged that the defendant

"did knowingly have in his possession implements and tools designed for forcing open or breaking open a building, in that the said Donald Allard did possess a metal bar approximately one foot long, a screwdriver and a wrench with the intent to use the said tools in the commission of the crime of burglary. . . ."

The defendant moved to quash the complaint because it failed expressly to charge the emphasized mental element. We hold that the motion was properly denied.

■■ The purposes of a complaint are to inform the defendant of the charges that he must meet and to do so with sufficient clarity to guard against a double jeopardy violation in the future. *State v. Carroll,* 120 N.H. 458, 460, 417 A.2d 8, 10 (1980). While these objectives require that a complaint clearly set out all elements of the offense, *see State v. Bussiere,* 118 N.H. 659, 661, 392 A.2d 151, 153 (1978), an element need not be stated in precise statutory language, if the complaint as a whole may fairly be understood to charge it. *State v. Shute,* 122 N.H. 498, 504, 446 A.2d 1162, 1165–66 (1982).

■ Although the present complaint did not expressly charge the defendant with knowledge of the burglarious suitability of his tools, it did charge him with intent to use them to commit a burglary. Since the defendant could not reasonably be found to have intended to use his tools to commit a burglary without knowledge that the tools were appropriate for that purpose, charging the intent was sufficient to charge the knowledge.

*Affirmed.*