Strafford
No. 96-391

THE STATE OF NEW HAMPSHIRE

v.

SHELLEY WILLIAMS

May 20, 1999

*Philip T. McLaughlin*, attorney general (*Patrick E. Donovan*, assistant attorney general, on the brief and orally), for the State.

*Gary Apfel*, assistant appellate defender, of Orford, by brief and orally, for the defendant.

THAYER, J. The defendant, Shelley Williams, appeals her conviction in Superior Court (*Mohl*, J.) of felony "hindering apprehension." *See* RSA 642:3 (1996). The defendant argues that the State failed to allege in her indictment, and later prove at trial, that she knew the legal classification of the underlying crime. She also

argues that the State failed to specify the grade of the offense charged in the indictment. We affirm.

On October 22, 1994, the defendant's friend allegedly robbed the Canad Cinema in Somersworth at gunpoint. At the defendant's trial, the State introduced evidence, including police reports and the defendant's statement, establishing that the defendant accompanied the alleged perpetrator to the Somersworth cinema on the day of the robbery, and later assisted him by driving the car in which he fled. The State also introduced testimony indicating that the defendant knew the alleged perpetrator used the defendant's stiletto knife during the robbery, and that the defendant concealed physical evidence of the crime. Specifically, Detective Arthur Williams testified that during a search of the defendant's apartment and car, the defendant produced the knife that the alleged perpetrator used to cut the cinema's phone lines, and the detective recovered rolled coins taken during the robbery.

The defendant moved, pretrial and at the close of the State's case, to dismiss the hindering apprehension indictment as defective. She also moved at the close of the State's case to dismiss the hindering apprehension charge, arguing that the State had failed to adduce evidence that she knew the legal classification of the underlying offense. The superior court denied the motions. A jury convicted the defendant of felony hindering apprehension and acquitted her of accomplice liability.

■ We first address the defendant's argument that her indictment was inadequate because the State failed to specify the grade of the charged offense. RSA 642:3, which defines the crime of "Hindering Apprehension or Prosecution," states in pertinent part: "The offense is a misdemeanor unless the actor knows that the charge made or liable to be made against the other is murder or a class A felony, in which case it is a class B felony." RSA 642:3, II. If the defendant should have been able to reasonably infer the grade of the offense charged from the face of the indictment, then the indictment will not fail for indefiniteness. *Cf. State v. Allard*, 128 N.H. 437, 438, 514 A.2d 824, 825 (1986).

■ The indictment states in pertinent part that the defendant

did with the purpose to hinder, prevent or delay the . . . apprehension . . . of another for the commission of armed robbery concealed [*sic*] physical evidence that might have aided in the . . . apprehension . . . of that person, in that; Shelley Williams did store a roll of dimes, a roll of nickels,

and a stiletto knife in her apartment; . . . the stiletto knife being one of the weapons used in the armed robbery at Canad Cinemas . . . .

The indictment specifically alleges in its factual narrative that the underlying crime, in relation to which the defendant hindered authorities, was armed robbery, which is always a class A felony. *See* RSA 636:1, III (1996). Accordingly, the indictment sufficiently informed the defendant that she was being charged with a felony offense.

The defendant next argues that the State must allege that she knew the *legal classification* of armed robbery, that is, that she knew that armed robbery is a class A felony. Under the defendant's construction of RSA 642:3, II, the indictment would be defective for failing to include that allegation. *Cf. State v. Shannon*, 125 N.H. 653, 666, 484 A.2d 1164, 1174 (1984). The defendant also argues that the State failed to prove that she knew the legal classification of armed robbery. Both of the defendant's arguments require us to determine whether RSA 642:3, II requires actual knowledge of an underlying crime's legal classification.

The defendant, advocating a literal construction of RSA 642:3, II, urges us to ascribe to the words of the statute their "usual and common meaning." She asks us to read the phrase, "unless the actor knows the charge made or liable to be made against the other is murder or a class A felony," RSA 642:3, II, as meaning, unless the actor knows that the legal classification of the underlying crime is murder or a class A felony. The State argues that RSA 642:3, II requires that the defendant know of the perpetrator's conduct constituting the underlying felony, without requiring knowledge of the felony's legal classification. When "statutory language is clear and unambiguous, its meaning is not subject to modification by judicial construction." *State v. Melcher*, 140 N.H. 823, 826, 678 A.2d 146, 148 (1996) (quotation omitted). We will "look elsewhere only when the plain statutory language permits more than one reasonable interpretation." *State v. Telles*, 139 N.H. 344, 346, 653 A.2d 554, 556 (1995). Because RSA 642:3, II may reasonably be read either as requiring knowledge of the legal classification or knowledge of underlying facts that constitute murder or a class A felony, we expand our analysis beyond the plain statutory language.

In construing RSA 642:3, II, we draw counsel from RSA 625:3 (1996), which states: "The rule that penal statutes are to be strictly construed does not apply to this code. All provisions of this code shall be construed according to the fair import of their terms and to

promote justice." RSA 625:3 represents New Hampshire's substantial deviation from the common law rule requiring a strict construction of criminal statutes. *See State v. Harper*, 126 N.H. 815, 818, 498 A.2d 310, 313 (1985). Using RSA 625:3 as a guide, we consider whether the legislature intended to limit felony liability to the small class of persons who hinder apprehension knowing the legal classification of the underlying crime. A principal factor in the analysis of RSA 642:3, II is whether the defendant's argument fairly construes the term "charge." *See* RSA 625:3. We are hard pressed to find, and the defendant does not offer, a reasonable justification for such a narrow construction of the term.

"[W]e do not assume that the legislature would enact statutory language that would lead to an absurd result." *Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997). Limiting felony liability only to those with knowledge of an underlying crime's legal classification renders an impermissibly absurd result based on the language of RSA 642:3. We would expect, if the legislature intended such a limited category of potential defendants, to find some indicia of that intent in the statute's language or its legislative history. We find no such indication in support of the defendant's argument. *Compare* REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF CRIMINAL LAWS § 587:3 comments (1969) (hereinafter REPORT OF COMMISSION) with REPORT OF COMMISSION § 587:4 comments.

The legislative history of RSA 642:3 states that the hindering apprehension or prosecution statute "is drawn from the Model Penal Code, § 242.3." *See* REPORT OF COMMISSION § 587:3 comments. The reasonable import of the comment is that our legislature meant to adopt the Model Penal Code's version of hindering apprehension. *Cf. State v. Maloney*, 126 N.H. 235, 237-38, 490 A.2d 772, 774-75 (1985). The defendant argues, however, that our legislature consciously modified Model Penal Code § 242.3, so that RSA 642:3, II requires knowledge of the underlying crime's legal classification. As "[i]t is not to be presumed that the legislature would pass an act leading to an absurd result and nullifying to an appreciable extent the purpose of the statute," *Raudonis v. Ins. Co. of North America*, 137 N.H. 57, 61, 623 A.2d 746, 749 (1993), we decline to adopt the defendant's construction in the absence of clearer legislative intent.

Moreover, the commentary to Model Penal Code § 242.3 expressly rejects the defendant's contention that an accused must know the legal classification of the underlying crime. *See* MODEL PENAL CODE AND COMMENTARIES § 242.3 comment 6, at 238-40 (1980). The commentary states in pertinent part:

Of course, it is *not necessary that the defendant know the law of the crime* for which the other is sought. For this reason the grading provision for the offense requires only that the aider know that the conduct charged or liable to be charged against the other person is of the sort proscribed by one of the more serious degrees of felony.

*Id.* at 239 (emphasis added). The enhancement provision in Model Penal Code § 242.3 requires an actor's knowledge that the underlying conduct is of the sort proscribed by a serious felony, and not actual knowledge of the underlying crime's legal classification.

█ Accordingly, we hold that RSA 642:3, II does not require that the defendant know the legal classification of the underlying crime. Having established that RSA 642:3, II does not require that the defendant know the legal classification of the underlying armed robbery, we conclude that the indictment provides sufficient notice of the crime for which the defendant was charged.

Finally, in light of our holding, we need not address the defendant's argument that the State failed to prove her knowledge of the underlying crime's legal classification.

*Affirmed.*

All concurred.