Merrimack
No. 2000-524

THE STATE OF NEW HAMPSHIRE

v.

CHARLES NOVAK

Argued: January 17, 2002
Opinion Issued: April 15, 2002
Modified: July 17, 2002

*Philip T. McLaughlin*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*David M. Rothstein*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C. J. The defendant, Charles Novak, was convicted after a jury trial in Superior Court (*McGuire*, J.) of possession of a narcotic drug, a class B felony. *See* RSA 318-B:2 (1995) (amended 2000); RSA 318-B:26, II(a) (1995). He appeals, arguing that the protective custody statute, RSA 172-B:3, VII (1994), authorizing the search of his bag, did not apply to him because he was not intoxicated by alcohol. We vacate and remand.

The following facts were either found by the trial court or are supported by the record. On August 19, 1999, Officer John Thomas of the Concord Police Department responded to a report of a man attempting to take a

child from the child's mother. Upon arrival at the scene, Officer Thomas discovered the defendant, Charles Novak, with the child. Officer Thomas returned the child to its mother, who told the officer that she believed the defendant was under the influence of drugs. Officer Thomas then turned his attention to the defendant, who appeared disheveled, had difficulty speaking clearly, and could not stand up on his own. To Officer Thomas, the defendant appeared to be under the influence of an intoxicating substance. On this basis, Officer Thomas took the defendant into custody for the defendant's own protection and for the protection of those with whom the defendant might otherwise come into contact. In the process of taking the defendant into protective custody, Officer Thomas handcuffed him, patted him down, and searched a small blue toiletry bag that the defendant had in his possession. While searching the blue bag, Officer Thomas found a glass tube and a pipe which appeared to contain residue of cocaine.

The defendant was charged by indictment with one count of possession of cocaine. The defendant moved to suppress the contents of the blue bag searched by Officer Thomas. The motion initially alleged only that Officer Thomas exceeded the permissible scope of a search under RSA 172-B:3. However, on the day of the suppression hearing, the defendant filed an amendment to his motion to suppress, asserting that Officer Thomas did not have the authority to take the defendant into custody pursuant to RSA 172-B:3 because there was no evidence that the defendant was under the influence of alcohol. According to the defendant, because the officer did not have the statutory authority to detain the defendant, he did not have the constitutional authority to search his bag.

Following the hearing, the trial court issued an order denying the motion to suppress. Concluding that the State's taking the defendant into protective custody did not constitute an unconstitutional seizure, the trial court stated:

> Because RSA chapter 172-B names only alcohol impairment, it does not follow that the police lack the authority to assume protective custody over persons who are impaired due to the ingestion of substances other than alcohol. The ultimate legality of searches and seizures is set not by statute but by the constitution. In other words, even if RSA 172-B:3 had not been enacted, the police could take persons impaired by alcohol into protective custody, so long as any such seizure was found to be reasonable within the meaning of part I, article 19 of the New Hampshire Constitution. However, RSA chapter 172-B has been enacted and construed by the Supreme Court, and has not been

found to be unconstitutional. Because it is not unconstitutional *per se* for the police to take a person impaired by alcohol into protective custody, it must similarly not be unconstitutional for the police to take a person impaired by other intoxicating substances into protective custody.

Moreover, the Court could not rule in Mr. Novak's favor on this issue without violating its obligation to avoid construing statutory language in a manner that would lead to an absurd result, *State v. Williams*, 143 N.H. 559, 562 (1999) (quoting *Atwood v. Owens*, 142 N.H. 396, 398 (1997)). Construing RSA 172-B:3 to prohibit the police from assuming protective custody over persons impaired by drugs rather than by alcohol would lead to an absurd result because the Court has no basis for finding that persons impaired by drugs pose any less a threat to themselves or the public than persons impaired by alcohol. Accordingly, the Court rules that Det. Thomas did not violate Mr. Novak's constitutional rights by taking him into protective custody.

After concluding that the seizure was constitutional, the court reasoned that the search of the blue bag was constitutional because it "was within the scope established by RSA 172-B:3 and the Supreme Court's opinions in [*State v. Harlow*, 123 N.H. 547 (1983)], and [*State v. Toto*, 123 N.H. 619 (1983)]."

The defendant does not challenge on appeal the trial court's conclusion that if Officer Thomas took the defendant into protective custody lawfully, then it was reasonable for him to search the blue toiletry bag. Rather, he asserts that RSA 172-B:3 does not authorize the police to take a person intoxicated by drugs into protective custody.

■ The trial court construed RSA 172-B:3 as allowing the police to assume protective custody over persons impaired by drugs. We disagree. "When construing the meaning of a statute, we first examine the language found in the statute and where possible, we ascribe the plain and ordinary meanings to words used." *State v. Cobb*, 143 N.H. 638, 643 (1999) (quotation omitted). RSA 172-B:3, I, states, in pertinent part, "When a peace officer encounters a person who, in the judgment of the officer, is intoxicated as defined in RSA 172-B:1, X, the officer may take such person into protective custody. . . ." RSA 172-B:1, X defines "Intoxicated" as "a condition in which the mental or physical functioning of an individual is

substantially impaired as a result of the presence of alcohol in his system. By its plain language, the statute therefore does not authorize the police to take individuals into protective custody if, in the police officer's judgment, the individual is under the influence of drugs. Because the trial court erroneously construed the statute, we vacate its order.

The issue on remand is not whether the defendant was in fact intoxicated by alcohol, but whether "in the judgment of the officer" the defendant was intoxicated by alcohol. RSA 172-B:3, I; *see also Toto*, 123 N.H. at 624 (stating that a police officer who takes a person into protective custody pursuant to RSA 172-B is "not required to eliminate completely the possibility that the intoxication was, in fact, due to drugs, and not to alcohol"). We leave to the trial court to determine the proper application of this standard to the facts in this case in the first instance. We also leave to the trial court whether to hold a further evidentiary hearing on remand.

*Vacated and remanded.*

BRODERICK, J., sat for oral argument but did not take part in the final vote; NADEAU and DALIANIS, JJ., concurred; BATCHELDER, J., retired, specially assigned under RSA 490:3, concurred.