Rockingham
No. 2001-192

IN THE MATTER OF NANCY J. GILMORE
AND WILLIAM E. GILMORE, JR.

Argued: May 16, 2002
Opinion Issued: July 24, 2002

*Shaines & McEachern, P.A.*, of Portsmouth (*Robert A. Shaines* and *Alec L. McEachern* on the brief, and *Mr. McEachern* orally), for the petitioner.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*Edwinna C. Vanderzanden* on the brief and orally), for the respondent.

DALIANIS, J. The respondent, William E. Gilmore, Jr., appeals an order of the Superior Court (*Abramson,* J.) requiring him to pay certain monthly expenses towards his adult child's college education. We reverse and remand.

The record supports the following facts. The parties were divorced in 1991. At the time of their divorce, the parties had two minor children. In the divorce decree the respondent was ordered to pay, among other obligations, "the entire expense of any private schooling or college for the two girls."

By July 2000, the parties' daughter Lindsey was an adult who was commuting to college while living with the petitioner, Nancy J. Gilmore. In September 2000, the petitioner filed a motion requesting that the respondent be ordered to continue paying child support for Lindsey while she attended college.

On November 22, 2000, the trial court dismissed the petitioner's request for child support but ordered the respondent to pay what it characterized as "reasonable college expenses" for Lindsey, including expenses for room and board while she lived at home with the petitioner, as follows:

> Tuition, fees and books: .................................................. As required
> Allowance, as previously established: .................. $200 per month
> Room: ................................................................................. $532 per month
> Gas: .................................................................................... $140 per month
> Car insurance, repairs, and registration: ............. $146 per month
> Medical and dental expenses: ................................. $75 per month
> Clothing and shoes: ..................................................... $200 per month
> Food: .................................................................................. $350 per month

The respondent filed a motion for reconsideration and clarification arguing, among other things, that the court did not have jurisdiction to order him to pay for items such as clothing, shoes and an allowance because they are not educational expenses, and that he should not be responsible for Lindsey's educational expenses when she was not in school. The court agreed that the respondent was not responsible for paying Lindsey an allowance, and that he was responsible for her educational expenses only during the months she was attending college, but otherwise denied the respondent's motion.

On appeal, the respondent argues that the court erred in ordering him to pay for such items as transportation, insurance, medical coverage, clothing and shoes because they are not educational expenses. He also argues that the court erred in requiring payments for Lindsey's room and board to be made to the petitioner.

We afford broad discretion to the trial court in divorce matters, and will not disturb the trial court's rulings regarding child support absent an unsustainable exercise of discretion or an error of law. *Rattee v. Rattee*, 146 N.H. 44, 46 (2001); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard). The party challenging the court's order has the burden of showing that the order was "improper and unfair." *Hunneyman v. Hunneyman*, 118 N.H. 652, 653 (1978) (quotation omitted).

RSA 458:17, I (1992) (amended 1993) provides that:

> In all cases where there shall be a decree of divorce or nullity, the court shall make such further decree in relation to the support, education, and custody of the children as shall be most conducive to their benefit and may order a reasonable provision for their support and education.

Generally, a parent's obligation to pay child support ceases when the child turns eighteen years old or graduates from high school, whichever is later. RSA 458:35-c (1992). Both this court and the legislature, however, have recognized the superior court's jurisdiction to order divorced parents, consistent with their means, to contribute toward the educational expenses of their adult children. *LeClair v. LeClair*, 137 N.H. 213, 218-19 (1993); *see also French v. French*, 117 N.H. 696, 699 (1977) (interpreting RSA 458:17 to allow court to order divorced parents to pay for reasonable college expenses of their adult children); RSA 458:17, :20 (1992).

The respondent does not dispute the court's authority to order him to provide for Lindsey's educational expenses. He contends, however, that the court erred when it ordered him to pay for, among other things, transportation costs, medical expenses and clothing. He argues that these expenses are tantamount to child support, which he is no longer obligated to pay.

The petitioner counters that the trial court's order was proper because RSA 458:20 allows the court to order the respondent to provide for Lindsey's support, maintenance and general welfare while she attends college. We disagree. RSA 458:20, in pertinent part, provides:

> In a proceeding under this chapter, the court may set aside a portion of the property of the parties in a separate fund or trust . . . for a child of the parties, who is 18 years of age or older, if the child is in college . . . .

This provision gives the trial court authority, when dividing the *property* of divorcing parties, to order a portion of that property to be placed into a separate educational trust fund for a child who is both in college and at least eighteen years old.

A divorced parent's support obligation does not automatically terminate when a child reaches eighteen years of age. *Gnirk v. Gnirk*, 134 N.H. 199, 204 (1991). However, the nature of that support varies depending upon the circumstances and needs of the child. As we explained in *LeClair*, RSA 458:35-c does not place a time limit on a parent's obligation to pay for reasonable college expenses. *LeClair*, 137 N.H. at 220. This is so because "jurisdiction to award education expenses is not limited as a matter of law to jurisdiction over minors." *French*, 117 N.H. at 699.

The issue before us, which is one of first impression, is what constitutes "educational expenses." A number of jurisdictions that have addressed the issue have construed educational expenses to be only those costs *directly* related to attending college, such as tuition, room and board, and related fees. *See, e.g., Meek v. Warren*, 726 So. 2d 1292, 1294 (Miss. Ct. App. 1998); *Thompson v. Thompson*, 689 So. 2d 885, 889 (Ala. Civ. App. 1997); *Kier v. Kier*, 454 N.W.2d 544, 547 (S.D. 1990). We agree and hold that "educational expenses" are those expenses that are directly related to the child's college education. Such expenses, therefore, include tuition, books, room, board and other directly related fees.

To define "educational expenses" more broadly would essentially require the respondent to pay for Lindsey's general support and maintenance, which would, in this case, conflict with RSA 458:35-c because the petitioner's request for a continuation of child support was dismissed. Consequently, the superior court erred in including amounts for transportation (gas, maintenance and registration), medical and dental coverage, clothing and shoes in its order. *See Thompson*, 689 So. 2d at 889 (holding payments for clothing and entertainment allowance not directly related to child's college education); *see also Lasek v. Lasek*, 624 N.Y.S.2d 1002, 1003 (App. Div. 1995) (holding that transportation costs and personal expenses were erroneously included as college expenses).

Moreover, with respect to room and board, we hold that the respondent is not required to pay an amount greater than he would be required to pay if the child resided on campus in college housing. If he is currently paying more than the cost of college housing, then the court must modify its order accordingly. In addition, payments for room and board must ordinarily be made, if Lindsey resides in campus housing, directly to the college, or, if she lives off campus, directly to Lindsey to defray reasonable expenses for "room and board."

We, therefore, reverse the trial court's decision and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

BROCK, C.J., and DUGGAN, J., concurred.