Hillsborough-southern judicial district
No. 2001-270

THE STATE OF NEW HAMPSHIRE

v.

LORENZO ROSARIO

Argued: September 18, 2002
Opinion Issued: November 4, 2002

*Philip T. McLaughlin,* attorney general (*Nicholas Cort,* assistant attorney general, on the brief and orally), for the State.

*Richard E. Samdperil,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Lorenzo Rosario, appeals his conviction and sentence in Superior Court (*Hollman*, J.) for sale of cocaine while on bail. RSA 597:14-b (2001). While he does not challenge his conviction and sentence for the underlying sale of cocaine, the defendant argues that RSA 597:14-b, a sentence enhancement statute, is not applicable to his case. He also argues that even if RSA 597:14-b does apply, it is not a separate offense, and he should have been convicted only once for the underlying sale of cocaine. We affirm in part, reverse in part and remand.

In October 1999, the defendant, while released on bail on unrelated charges, sold cocaine to an undercover police officer in Nashua. In April 2000, the defendant was acquitted of the charges for which he had originally been on bail. In February 2001, the defendant was convicted both of selling cocaine and selling cocaine while on bail. The court sentenced the defendant to serve one year, stand committed, for the sale of cocaine while on bail, and imposed a consecutive sentence of two to four years, suspended, for the sale of cocaine.

On appeal, the defendant argues that enhanced sentencing under RSA 597:14-b was improper because a literal reading of the statute precludes application in his case. We disagree.

"In matters of statutory interpretation, this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Hatt*, 144 N.H. 246, 247 (1999) (quotation omitted). We begin our analysis by looking to the language of the statute itself. *State v. Haines*, 142 N.H. 692, 695 (1998). If "a statute's language is plain and unambiguous, [then] we need not look beyond it for further indication of legislative intent." *State v. Hammell*, 147 N.H. 313, 322 (2001). If, however, the statutory language is ambiguous or subject to more than one reasonable interpretation, we will review legislative history to aid in our analysis. *See State v. Williams*, 143 N.H. 559, 561 (1999); *State v. Flynn*, 123 N.H. 457, 464 (1983). Furthermore, "we will consider other indicia of legislative intent where the literal reading of a statutory term would compel an absurd result." *State v. Warren*, 147 N.H. 567, 568 (2002).

RSA 597:14-b, entitled, "Penalty for Offense Committed While on Release," provides:

> I. A person *convicted* of an offense while released pursuant to this chapter [Bail and Recognizances] shall be sentenced, in addition to the sentence prescribed for the offense to:
> (a) A maximum term of imprisonment of not more than 7 years if the offense is a felony; or

(b) A maximum term of imprisonment of not more than one year if the offense is a misdemeanor.

II. A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment. Neither the penalty provided by this section or any prosecution under this section shall interfere with or prevent the forfeiture of any bail or the exercise by the court of its power to punish for contempt.

RSA 597:14-b (2001) (emphasis added).

█ The defendant asserts that RSA 597:14-b is inapplicable because he was no longer on bail when he was convicted of selling cocaine. We will read RSA 597:14-b within the context of other statutes dealing with similar subject matter. *See State v. Farrow*, 140 N.H. 473, 475 (1995). RSA chapter 597 is a comprehensive chapter dealing with bail and recognizances. *See* RSA 597:1–:42. It provides that a person's release on bail is conditioned upon not committing additional crimes. *See* RSA 597:2. Furthermore, if a person is accused of violating a condition of release, then the release may be revoked. *See* RSA 597:7-a, II. Reading RSA 597:14-b within the context of these provisions, we deem it likely that the legislature intended to impose additional consequences upon individuals who commit a second offense while on release, without regard to their release status at the time of conviction.

The defendant argues that the language of RSA 597:14-b is plain and unambiguous, and mandates that, in order for a person to receive an enhanced sentence for committing an offense while released on bail, the defendant must be convicted of an offense while released. This reading of the text would lead to an absurd result. Under that construction, a defendant whose bail was revoked prior to conviction would not be subject to the enhanced penalty, while a defendant who was granted the privilege of remaining on bail would be subject to the enhanced penalty upon conviction. As the State points out, more egregious offenders, whose bail had been revoked after committing a second offense, would never receive an enhanced penalty. We will not presume that the legislature would pass an act leading to such absurd results. *See Williams*, 143 N.H. at 562. Because a literal reading of RSA 597:14-b compels an absurd result, we turn now to the legislative history of the statute. *See Warren*, 147 N.H. at 568.

RSA 597:14-b was part of SB 238, a bill regarding bail reform. N.H.S. JOUR. 599 (1987). All references to this portion of the bill state that it imposes a penalty for crimes *committed* while a person is on bail. *See*

Analysis of Senate Bill No. 238 (1988); N.H.H.R. JOUR. 191 (1988); N.H.S. JOUR. 599 (1987); SENATE COMM. ON JUDICIARY, HEARING ON SB 238 (March 13, 1987). This provision was designed to deter people from committing new crimes while on release. Analysis of Senate Bill No. 238 (1988); N.H.H.R. JOUR. 191 (1988).

The legislative history is clear: RSA 597:14-b was intended to impose an enhanced sentence on a defendant who is convicted of an offense committed while on release.

■ The title of RSA 597:14-b is "Penalty for Offense *Committed* While on Release." RSA 597:14-b (emphasis added). Although the title of a statute is not conclusive of its interpretation, a title is "significant when considered in connection with the legislative history of the act, and ambiguities inherent in its language." *Bourne v. Sullivan*, 104 N.H. 348, 352-53 (1962) (construing a criminal statute). Reading the title, text, statute and chapter as a whole, in light of its clear legislative intent, we conclude that RSA 597:14-b imposes an enhanced penalty when a person is convicted of an offense committed while the person was released pursuant to RSA chapter 597.

In light of this holding, the defendant was properly subject to an enhanced penalty for selling cocaine while released on bail.

■ The defendant also argues that the trial court should have vacated the bail-related conviction because RSA 597:14-b is a sentence enhancement provision, not an independent offense and sentence. At oral argument, the defendant stated that he did not dispute that the trial court could structure an enhanced sentence the way it did in his case, nor did he dispute the use of a second indictment to place the additional element of being on bail in front of the jury. The defendant argued, however, that he should not have two convictions on his record, both stemming from the same underlying offense. The State agreed at oral argument that for purposes of future sentence enhancement, the defendant's record should reflect only one conviction for this offense. We agree; therefore, we reverse the defendant's separate conviction for selling cocaine while on bail, and remand to the extent necessary to clarify that the defendant's record reflects a single guilty finding and a single conviction for the offense of selling cocaine. We do not, however, disturb the defendant's sentence.

The defendant did not brief the remaining issues raised in the notice of appeal; therefore, we deem them waived. *State v. Brewster*, 147 N.H. 645, 651 (2002).

*Affirmed in part; reversed in part; remanded.*

NADEAU, J., concurred; BARRY and COFFEY, JJ., superior court justices, specially assigned under RSA 490:3, concurred.