Grafton
No. 2002-370

IN THE MATTER OF ARTHUR J. BREAULT AND DENISE M. BREAULT

Submitted: March 7, 2003
Opinion Issued: April 22, 2003

*Decato Law Office*, of West Lebanon (*William A. Whitten* on the brief), for the petitioner.

*Denise M. Breault, pro se*, filed no brief.

NADEAU, J. The petitioner, Arthur J. Breault, appeals the order of the Superior Court (*Burling*, J.) modifying his child support obligation to require him to pay child support to the respondent, Denise M. Breault, until their daughter graduates from college. We affirm.

The record supports the following facts. The parties share legal custody of their daughter who was born in December 1983. In 1993, the court approved a stipulated amendment to the parties' agreement regarding child support. At that time, the parties agreed that the petitioner would pay child support through wage assignment in an amount established by the statutory child support guidelines until the parties' daughter was eighteen or until she graduated from high school, whichever was later. Beginning in August 1993, the petitioner's weekly child support obligation was $69.00.

In January 2002, while the child was still in high school, the respondent petitioned for modification of the petitioner's child support obligation on the following grounds: (1) the petitioner's child support payments had not been increased in several years, although his financial situation had improved; and (2) their daughter planned to begin college in September 2002. The respondent requested that the court require the petitioner to continue paying child support while the parties' daughter attended college.

Following a hearing, the court ruled that the daughter's attendance at college was a substantial change in circumstances that justified a modification of petitioner's child support obligation. The court ordered the petitioner to continue paying child support for four years at a rate of $74.00 per week. The petitioner moved for reconsideration, which the court granted in part. Specifically, the court ordered the respondent to provide the petitioner by August 1 of every year through 2006, evidence that their daughter was attending a four-year college full-time. The court further ordered that if the parties' daughter completed a two-year degree in 2004 and provided no evidence of full-time attendance at a four-year program, the petitioner's child support obligation would terminate.

Trial courts have broad discretion to review and modify child support awards. *See Nicolazzi v. Nicolazzi,* 131 N.H. 694, 696 (1989). They are in the best position to determine the parties' respective needs and their respective abilities to meet them. *Id.* Accordingly, we will set aside a modification order "only if it clearly appears on the evidence" that the court's exercise of discretion was unsustainable. *Butterick v. Butterick,* 127 N.H. 731, 736 (1986) (quotations omitted); *cf. State v. Lambert,* 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

The petitioner first asserts that, pursuant to RSA 458:35-c (1992), his child support obligation terminated, as a matter of law, when the parties' daughter graduated from high school in June 2002. We disagree.

"This court, of course, is the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole." *In the Matter of Coderre & Coderre,* 148 N.H. 401, 403 (2002) (quotation omitted). We first examine the language of the statute, and, where possible, ascribe the plain and ordinary meanings to the words used. *In the Matter of Crowe & Crowe,* 148 N.H. 218, 224 (2002). "[W]hen a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we refuse to consider what the legislature might have said or add language that the legislature did not see fit to incorporate in the statute." *In re Baby Girl P.,* 147 N.H. 772, 775 (2002). "Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation." *Coderre,* 148 N.H. at 403 (quotation omitted).

RSA 458:35-c provides, in pertinent part:

> Unless the court or other body empowered by law to issue and modify support orders specifies differently, the amount of a child support obligation stated in the order for support shall remain as stated in the order until all dependent children for whom support is provided in the order shall terminate their high school education or reach the age of 18 years, whichever is later, or become married, or become a member of the armed services, at which time the child support obligation terminates without further legal action.

Pursuant to this statute, child support terminates as a matter of law upon the occurrence of the statutorily-specified events, "[u]nless the court . . . specifies differently." Thus, consistent with the plain language of RSA 458:35-c, a trial court has the discretion to issue an original or modified child support order that terminates when the child graduates from college.

Nothing in the statute's plain language prohibits a trial court from so doing.

■ Nor is there any such limiting language in RSA 458:17, I (Supp. 2002). RSA 458:17, I, allows the court to issue orders "in relation to the support, education, and custody of the children as shall be most conducive to their benefit and may order a reasonable provision for their support and education." The word "minor" is absent from RSA 458:17, I. *French v. French*, 117 N.H. 696, 699 (1977). Thus, on its face, RSA 458:17, I, does not mandate that child support terminate when the child reaches the age of majority. *See In the Matter of Gilmore & Gilmore*, 148 N.H. 111, 113 (2002).

The plain language of RSA 458:17, I, also does not require child support to terminate upon the child's graduation from high school. The term "education" is not limited to elementary and secondary school education. Had the legislature intended the term to be so limited, it could have so stated. *See id.; see also LeClair v. LeClair*, 137 N.H. 213, 220 (1993) (court has jurisdiction to originate child support order after child turned eighteen and graduated from high school).

The petitioner mistakenly relies upon *Gilmore* to argue that while the court had discretion to order the parties to contribute to their daughter's college expenses, it had no discretion to order child support payments beyond her high school graduation. *See* RSA 458:20 (1992).

*Gilmore* is distinguishable. The trial court in *Gilmore* dismissed the custodial parent's request for continued child support; that order was not appealed. *See Gilmore*, 148 N.H. at 112-14. Thus, in *Gilmore*, we did not address the questions raised by this appeal.

Contrary to the petitioner's assertions, a trial court has the discretion in both original and modified support orders to require divorced parties to contribute to their children's college education, *see LeClair*, 137 N.H. at 218-19, *and* to require the non-custodial parent to continue paying child support while the children are attending college, *see Heinze v. Heinze*, 122 N.H. 358, 360 (1982).

As we explained in *Gnirk v. Gnirk*, 134 N.H. 199, 204 (1991):

> The decision of a child to attend college is an increasingly important election. When a child has made this decision, the circumstances of the parent with whom he or she lives, as well as his or her own circumstances, may mean that the decision will effect a change substantial enough for consideration by a trial court in a petition to modify the original support order.

■ Accordingly, the trial court may order the parties to contribute to the costs of post-secondary education and/or may order the non-custodial parent to continue paying child support to the custodial parent, if doing so "is equitable in light of the circumstances of all of the parties." *Id.*; *see Heinze*, 122 N.H. at 360. On appeal, the petitioner does not challenge the trial court's determination that requiring him to continue paying child support was equitable under the circumstances.

■ Relying upon *Morrill v. Millard (Morrill)*, 132 N.H. 685 (1990), the petitioner next argues that modifying his child support obligation was error because "the attendance of the parties['] child at college should have been anticipated by the parties and incorporated into their stipulation[s]." The petitioner's reliance upon *Morrill* is misplaced. Although "the parties had an opportunity to negotiate the issue of paying for post-secondary education expenses," they last negotiated in 1993, when their daughter was only ten, several years before her decision to attend college. *Gnirk*, 134 N.H. at 205. Her qualifications and desires for post-secondary education "would not have been apparent or reasonably foreseeable" in 1993. *Id.* Under these circumstances, we hold that the trial court had the discretion to grant a petition to modify a support order to provide for continuation of child support while the adult child attends college. *See id.* at 205-06.

Finally, the petitioner argues that the trial court erroneously partially denied his motion for reconsideration. "A motion for reconsideration allows a party to present points of law or fact that the Court has overlooked or misapprehended." *Webster v. Town of Candia*, 146 N.H. 430, 444 (2001) (quotation omitted). We will uphold a trial court's decision on a motion for reconsideration unless the decision is an unsustainable exercise of discretion. *See id.*; *cf. Lambert*, 147 N.H. at 296.

■ The petitioner argues that the trial court should have fully granted his motion for reconsideration and recognized that its initial decision was legally erroneous. Having determined that the trial court did not make the legal errors the petitioner identifies, we hold that its decision to deny his motion for reconsideration was a sustainable exercise of discretion.

*Affirmed.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.