Compensation Appeals Board
No. 2003-153

APPEAL OF STEPHEN V. WEAVER, JR.
(New Hampshire Compensation Appeals Board)

Argued: October 8, 2003
Opinion Issued: November 14, 2003

*Borofsky, Amodeo-Vickery & Bandazian, P.A.*, of Manchester (*Christopher A. Bandazian* on the brief and orally), for the petitioner.

*Preti, Flaherty, Beliveau, Pachios, & Haley, PLLC*, of Concord (*Nicole D. Spaur* and *Evan Hansen* on the brief, and *Mr. Hansen* orally), for the respondent.

NADEAU, J. The petitioner, Stephen V. Weaver, appeals the decision of the New Hampshire Compensation Appeals Board (board) denying him benefits for an in-state injury because he had already received benefits under Maine's workers' compensation statutes. We reverse and remand.

The respondent, Land Rover of Scarborough, a Maine corporation, hired Weaver to work at a new car dealership it was constructing in Bedford, New Hampshire. Throughout his entire employment, Weaver worked exclusively at the Bedford dealership.

On December 28, 2000, Weaver injured his left knee while working at the construction site. Weaver immediately reported his injury to Land Rover, which reported the incident to its workers' compensation carrier. In August 2001, Weaver missed work to undergo knee surgery relating to his December injury. As a result of his absence, Land Rover filed a first report with the Maine Workers' Compensation Board and Weaver began receiving benefits under the Maine Workers' Compensation Act. Weaver was not notified of the report until October 3, 2001. Upon notification, Weaver informed Land Rover's workers' compensation carrier and the Maine Workers' Compensation Board that Land Rover had erroneously filed the claim in Maine. On December 7, 2001, Weaver was terminated for cause and his weekly benefits were discontinued, which Maine law allowed.

Weaver requested a hearing with the New Hampshire Department of Labor to review his claim. After the hearing officer concluded that New Hampshire had no jurisdiction to rule upon his compensation eligibility, Weaver appealed to the board. The board dismissed the appeal, ruling that

although RSA 281-A:12 (1999) applies only to injuries incurred outside New Hampshire, the legislative intent of the statute precludes Weaver's claim. This appeal followed.

Weaver contends that RSA 281-A:12, entitled "Injuries Outside of the State," does not apply to injuries occurring within New Hampshire. Land Rover, on the other hand, argues that RSA 281-A:12, II, by its plain and unambiguous language, does not permit workers' compensation recovery where the injured party has received some benefits from another jurisdiction for the same injury. We agree with Weaver.

We will not set aside the board's decision, except for errors of law, unless Weaver has shown it by a clear preponderance of the evidence to be unjust or unreasonable. *Appeal of Bergeron*, 144 N.H. 681, 683 (2000); *see* RSA 541:13 (1997).

We are the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Breault & Breault*, 149 N.H. 359, 361 (2003). We first examine the language of the statute, and where possible, ascribe the plain and ordinary meanings to the words used. *Id.* When a statute's language is plain and unambiguous, we need not examine its legislative history, and we refuse to consider what the legislature might have said or add language that the legislature did not see fit to incorporate in the statute. *Id.* Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.*

RSA 281-A:12, entitled "Injuries Outside the State," provides:

I. If an employee is injured while employed elsewhere than in this state, and is injured under circumstances that would have entitled the employee or a dependent to workers' compensation under this chapter had such employee been injured in this state, then such employee or dependents of such employee shall be entitled to workers' compensation as provided in this chapter:

(a) If the employee or the employee's dependents release the employer from all liability under any other law;

(b) If the employer is engaged in business in this state;

(c) If the contract of employment was made in this state; and

(d) If the contract of employment was not expressly for service exclusively outside of this state.

II. However, recovery of damages in an action at law or recovery of workers' compensation under the law of any other state shall bar recovery of workers' compensation under the law of this state.

The board concluded that the legislative intent of RSA 281-A:12, II is to prevent an injured employee from recovering twice, under different state laws, for the same injury. Land Rover urges us to defer to the board's decision. While statutory construction by those charged with its administration is entitled to substantial deference, *see N.H. Retirement System v. Sununu*, 126 N.H. 104, 108 (1985), the interpretation of a statute is to be decided ultimately by this court. *See Appeal of Cote*, 144 N.H. 126, 129 (1999).

The title of a statute is "significant when considered in connection with . . . ambiguities inherent in its language." *State v. Rosario*, 148 N.H. 488, 491 (2002). To construe RSA 281-A:12, II without considering its title ignores the purpose of the provision. As the title suggests, the purpose of RSA 281-A:12 is to address injuries occurring outside of New Hampshire. Here, Weaver was injured in New Hampshire. Therefore, RSA 281-A:12 does not apply. Thus, the board erred when it inferred that the legislative intent of RSA 281-A:12, II is to prevent double recovery for in-state injuries.

Even if we were to ignore the title of the statute, the first line of RSA 281-A:12, I, makes clear that the injury must occur outside New Hampshire ("If an employee is injured while employed elsewhere than in this state . . . ."). Land Rover argues that the word "however" in RSA 281-A:12, II should be read apart from language in RSA 281-A:12, I. Proper statutory interpretation, however, requires us to read RSA 281-A:12, II in the context of the statutory scheme, not in isolation. *See Breault*, 149 N.H. at 361. Thus, RSA 281-A:12, II applies only when the injury occurred outside New Hampshire as required under RSA 281-A:12, I.

This position is consistent with our liberal interpretation of the Workers' Compensation Law. As a general rule, we resolve reasonable doubts in construing the Workers' Compensation Law in favor of the injured employee so as to provide the broadest reasonable effect to its remedial purpose of compensating injured employees. *See Appeal of CNA Ins. Cos.*, 143 N.H. 270, 273 (1998); *Appeal of Lalime*, 141 N.H. 534, 537-38 (1996). Nothing in this case warrants deviation from this well-established policy.

Accordingly, we reverse the board's order dismissing the appeal and remand for a determination as to whether Weaver is entitled to benefits under New Hampshire law. We note that in his brief, Weaver represents that he does not seek to recover twice for his workers' compensation injury, stating that "[a]t no time has [he] contended that his medical providers should be paid twice for his surgery bills, nor has [he] claimed

that he is entitled to payment of disability compensation for weeks that he has already been paid disability compensation."

*Reversed and remanded.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.