Plymouth District Court
No. 2003-273

THE STATE OF NEW HAMPSHIRE

v.

STEPHEN MERRIAM

Argued: January 14, 2004
Opinion Issued: February 13, 2004

*Peter W. Heed*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Gabriel Nizetic*, of Plymouth, by brief and orally, for the defendant.

BRODERICK, C.J. The defendant, Stephen Merriam, was charged with simple assault, RSA 631:2-a (1996), and criminal mischief, RSA 634:2

(Supp. 2003). The State appeals the order of the Plymouth District Court (*Samaha*, J.) granting the defendant's motion to dismiss both charges. We reverse and remand.

The record supports the following facts. On December 23, 2002, in Campton, the defendant threw his ex-girlfriend to the ground, causing an injury to her arm. He then kicked the mirror of her car, causing it to break. The Campton Police Department issued a "be on the lookout" notification for the defendant, which was received by the Sanbornton Police Department. Sanbornton police officers arrested the defendant at his home in Sanbornton without a warrant, pursuant to RSA 594:10, I(b) (2001) (amended 2002). The defendant was charged with one count each of simple assault and criminal mischief.

On February 26, 2003, the defendant moved to dismiss the charges, arguing that "Sanbornton officers [did] not have territorial authority over events occurring entirely within ... Campton." The district court ruled that "Sanbornton police officers could not have legally arrested the Defendant without a warrant for offenses which were allegedly committed within ... Campton since they had not [*sic*] territorial jurisdiction to do so," and that "the RSA 594:10 exceptions to the requirement for an arrest warrant to [*sic*] not extend to the powers of the Sanbornton police officers to arrest the Defendant."

On appeal, the State contends that Sanbornton police officers had territorial jurisdiction in Sanbornton to arrest the defendant without a warrant, pursuant to RSA 594:10, I(b).

Because resolution of this issue requires statutory interpretation, which is a matter of law, we review the trial court's decision *de novo. Magoon v. Thoroughgood*, 148 N.H. 139, 142 (2002). In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. *State v. Rosario*, 148 N.H. 488, 489 (2002). We begin our analysis by looking to the language of the statute itself. *Id.* If the language is plain and unambiguous, then we need not look beyond it for further indication of legislative intent. *Id.*

█ In the district court the defendant challenged only whether Sanbornton police officers could arrest the defendant, without a warrant, for offenses over which they had no territorial jurisdiction because the alleged crimes occurred entirely outside Sanbornton. The district court ruled that Sanbornton police lacked territorial jurisdiction to arrest the defendant in Sanbornton for offenses that were allegedly committed in Campton. On appeal, in support of this ruling, the defendant asserts that for an arrest to be valid, a police officer must have "jurisdiction over the

place where the act was committed." The defendant argues that RSA 105:4 (2001) "makes it clear that the investigative powers of police officers are limited to incidents arising in the town in which they are appointed." We disagree.

RSA 105:4 provides:

> The selectmen, or superintendent under their direction, may employ police officers in the detection and conviction of criminals and the prevention of crime in their town, and in the preservation of order on public or special occasions.

The plain language of the statute does not support the defendant's position. The statute does not address where the underlying criminal conduct must occur in order for local police officers to have territorial jurisdiction to make an arrest. The statute does not indicate that local police officers have jurisdiction to make arrests only when the criminal conduct is alleged to have occurred in their town. The statute merely limits the territorial jurisdiction of local police officers to the borders of the town that employs them, unless another statute extends that jurisdiction, *see* RSA 105:13 (2001); RSA 594:7 (2001).

It is well settled that police officers of a town can transfer probable cause to police officers of another town for crimes allegedly committed in the first town. *See State v. Hutton*, 108 N.H. 279, 288 (1967). Therefore, Sanbornton police officers could lawfully arrest the defendant in Sanbornton after probable cause had been transferred by the Campton Police Department, despite the fact that the alleged crimes took place in Campton, a town where Sanbornton police officers did not have territorial jurisdiction. Accordingly, we conclude that the district court erred when it ruled that Sanbornton police officers lacked territorial jurisdiction to arrest the defendant in Sanbornton for crimes that allegedly occurred in Campton.

The district court also ruled that the exceptions to the requirement for an arrest warrant in RSA 594:10 did not apply in this case. At the time of the defendant's arrest, RSA 594:10 provided, in pertinent part:

> I. An arrest by a peace officer without a warrant on a charge of a misdemeanor or a violation is lawful whenever:
>
> . . .
>
> (b) He has probable cause to believe that the person to be arrested has within the past 6 hours committed abuse as

defined in RSA 173-B:1, I against a person eligible for protection from domestic violence as defined in RSA 173-B:1
. . . .

The plain language of the statute permits a police officer to make an arrest without a warrant when the officer has probable cause to believe that the arrestee has engaged in the proscribed conduct within six hours of the arrest. The statute does not require the arrest to be made either in the town where the alleged conduct occurred or by police officers of the town where the alleged conduct occurred. The statute provides a police officer with authority to make an arrest without a warrant in cases of domestic violence and other exigent circumstances. *See* RSA 594:10; *State v. Goff*, 118 N.H. 724, 727 (1978) (stating "[t]he authority to arrest . . . an individual by a police officer in New Hampshire is set forth in RSA 594:10"). While this statute does not serve as a substitute for the territorial jurisdiction provided by RSA 105:4, it did authorize Sanbornton police officers to arrest the defendant without a warrant.

In this case, Sanbornton police officers had territorial jurisdiction in Sanbornton. *See* RSA 105:4. They also had authority to arrest the defendant without a warrant because they had probable cause to believe that he had "within the past 6 hours committed abuse as defined in RSA 173-B:1, I against a person eligible for protection from domestic violence as defined in RSA 173-B:1." RSA 594:10, I(b). Therefore, the district court erred by granting the defendant's motion to dismiss the charges against him.

*Reversed and remanded.*

NADEAU, DALIANIS and DUGGAN, JJ., concurred.