Compensation Appeals Board
No. 2004-254

## APPEAL OF HYPERTHERM, INC.
## (New Hampshire Compensation Appeals Board)

Argued: December 9, 2004
Opinion Issued: March 18, 2005

*Decato Law Office*, of Lebanon (*R. Peter Decato* on the brief and orally), for the respondent.

*Getman, Stacey, Schulthess & Steere, P.A.*, of Bedford (*Stephen J. Schulthess* on the brief and orally), for the petitioner.

BRODERICK, C.J. The petitioner, Hypertherm, Inc., appeals a decision of the New Hampshire Compensation Appeals Board (board) that it is obligated by RSA 281-A:23 (Supp. 2004) to pay medical costs associated with the treatment of a cumulative trauma injury suffered by the respondent, Hyvis Thatcher. We vacate and remand.

The facts relevant to this appeal are undisputed. In February 2001, after voluntarily leaving her job as a nanny, the respondent began working for the petitioner as an order filler and warehouse packer, a position that required her to locate and select ordered pieces for packing. The pieces ranged in size and varied in quantity. Some of the items the respondent was required to handle weighed up to fifty pounds. The petitioner paid the respondent approximately $10 per hour.

After working for the petitioner for only a few weeks, the respondent experienced soreness in her hands. Eventually she noticed a bruise and a lump on the back of her hand and, after reporting the condition to the

petitioner, she sought medical treatment for the problem. The lump was diagnosed as a ganglion cyst, and the pain was attributed to tendonitis in her right and left wrist flexor extensors. The respondent returned to work with instructions from her medical provider that she continue with medical treatment, perform home exercises, take anti-inflammatory medications, work with modifications and wear wrist splints. The petitioner modified the respondent's duties to accommodate her condition, but her pay remained the same and she did not lose time from employment as a result of her condition.

The respondent continued to obtain treatment for her wrists, and work in a modified capacity for the petitioner until April 2001, when she resigned. During her exit interview, the respondent explained that she was resigning primarily because she could not perform her earlier duties filling orders, the job for which she was hired, due to the problems with her wrists. She also stated that she was resigning because she was offered a position as a nanny. There is no indication in the record that the respondent was unable to perform her modified duties at Hypertherm. Shortly thereafter, the respondent began working as a nanny at the rate of approximately $30,000 per year, plus benefits.

On June 21, 2001, the respondent was released from treatment to home exercise. Either the petitioner or its insurance carrier, Travelers Insurance Company (Travelers), covered all of the respondent's medical expenses up to that date. On July 30, 2002, the respondent again sought medical treatment for hand and wrist pain, which she claimed had increased between September or October 2001 and July 2002. The respondent then began a course of occupational therapy treatments and incurred expenses totaling $4,593 for the period beginning July 30, 2002, and ending in January 2003.

On January 22, 2003, the respondent filed a claim with the New Hampshire Department of Labor (DOL) seeking a ruling that the petitioner was responsible for the outstanding $4,593 in medical expenses. Following a hearing, a DOL hearing officer concluded that Travelers was responsible for the respondent's expenses. The petitioner appealed and, following a second hearing, the board concluded that the petitioner was responsible for the medical expenses. The board denied the petitioner's motion for reconsideration, and this appeal followed.

The petitioner argues that the board erred in ruling that it is liable for the respondent's medical expenses because a cumulative trauma injury is not compensable under the Workers' Compensation Law unless and until the claimant suffers a diminished earning capacity. Until that happens,

according to the petitioner, no cognizable injury has occurred. The respondent contends that we should uphold the board's decision because, when the only claim at issue is for payment of medical bills, an employer is responsible for the bills when the employee either can no longer perform her regular job or cannot do so without medical assistance.

We will not disturb the board's decision unless the party appealing the decision demonstrates either that the board erred as a matter of law, or that the board's decision, by a clear preponderance of the evidence, was unjust or unreasonable. RSA 541:13 (1997); *Appeal of Fay*, 150 N.H. 321, 324 (2003).

In its written decision, the board concluded, in relevant part, that the respondent "did suffer a repetitive trauma injury while in the employ of the [petitioner] that caused her bilateral wrist pain the amelioration of which required the medical treatment beginning on July 31, 2002[,] for which she seeks payment by the [petitioner]." The board explained:

> In the matter before the panel, a medical provider has treated the [respondent's] pain, has concluded that the cause of the pain was the work the [respondent] performed for the [petitioner] and has submitted a bill for the reasonable and necessary treatment of the [respondent's] medical problem attributable to her work. The panel has unanimously concluded that the [petitioner] is obligated by RSA 281-A:23 to pay the costs of the treatment of the [respondent's] cumulative trauma injury.

We interpret the board's decision as characterizing the nature of the respondent's injury as a cumulative trauma injury and as concluding that the injury was compensable because she was treated for a condition that was attributable to the work she performed for the petitioner. We find that although the board erred in concluding that the respondent suffered a cumulative trauma injury, it correctly determined that the respondent suffered a compensable injury.

In the context of workers' compensation disability claims, we have, on numerous occasions, stated that cumulative trauma injuries occur, and are compensable under the Workers' Compensation Law, when a claimant suffers a diminished earning capacity. *See, e.g., Appeal of CNA Ins. Co.*, 148 N.H. 317, 320 (2002); *Appeal of Wausau Ins. Co.*, 143 N.H. 478, 480-81 (1999); *Appeal of Briggs*, 138 N.H. 623, 631 (1994). While the petitioner contends that the foregoing analysis should apply to cases that involve medical bills, the respondent argues that such cases should be analyzed differently. We agree with the respondent.

Because cumulative trauma injuries adversely affect a claimant's earning capacity, they trigger a claimant's right to indemnity payments as well as causally related medical bills. A compensable injury for purposes of medical bills alone, however, need not arise from a cumulative trauma injury. In issuing its decision, the board, although erroneously referring to the respondent's injury as a cumulative or repetitive trauma injury, aptly explained why the respondent suffered a compensable injury for purposes of medical bills:

> It cannot be that the policy of the statutory regime established by the legislature through RSA 281-A can be achieved by a conclusion that the claimant's repetitive trauma injury is not compensible [*sic*] as it is not cognizable under the statute. Such a conclusion would require employees experiencing repetitive trauma to compound their injury by working until they are too broken by that work to continue working and to forego medical treatment they are not able to pay for until they are not able to secure the benefit of the care intended by the statute. This cannot be the conclusion as to the meaning of a statute intended to assure that injured employees continue to be able to work and are returned to work as soon as medically possible following a work limiting injury. The panel believes that properly comprehended[,] the *Briggs*[/]*Wausau* analysis applies only to cases in which indemnity benefits are sought and not to insulate injuring employers from the responsibility to pay medical bills necessary to the amelioration of cumulative trauma injuries.

Courts in other jurisdictions have, with equal persuasiveness, reached similar conclusions. *See Ryciak v. Eastern Precision Resistor*, 186 N.E.2d 408, 409-10 (N.Y. 1962) (rejecting notion that medical expense claimant not injured until he lost time or wages); *cf. Centrilift v. Evans*, 915 P.2d 391, 394 (Okla. Ct. App. 1995), *cert. denied* (Okla. April 11, 1996) (in case involving disability benefits and continuing medical treatment, noting that date of injury for purposes of assessing liability or establishing rate of compensation is date claimant becomes aware of defect and its relationship to job).

██ It is our practice to liberally construe the Workers' Compensation Law, resolving all reasonable doubts in statutory construction in favor of providing the broadest reasonable effect to the statute's remedial purpose of compensating injured employees. *Appeal of Weaver*, 150 N.H. 254, 256

(2003); *Appeal of CNA Ins. Cos.*, 143 N.H. 270, 273 (1998). Consistent with that practice, we hold that, for purposes of claims for medical bills alone, such bills are payable for medical treatment a claimant receives for a condition that is causally related to employment regardless of whether they arose from trauma or cumulative trauma.

Applying our holding to the facts of this case, we conclude that the respondent suffered a compensable injury while employed by the petitioner. Specifically, although it is unclear from the board's decision the precise date upon which the respondent's medical provider diagnosed her condition as being causally related to her duties at Hypertherm, it is clear that the board found such a diagnosis occurred while she was employed there. Thus, the petitioner or its insurance carrier properly covered the respondent's medical expenses for the period of time during which she was employed at Hypertherm.

However, we are unable, on this record, to determine whether the petitioner should be held responsible for certain medical bills the respondent incurred after she resigned. The petitioner does not challenge the medical bills the respondent incurred from the date of her resignation through June 21, 2001. Accordingly, the only bills at issue are those the respondent incurred from July 2002 to January 2003. The board may have concluded that the petitioner was responsible for such bills under the erroneous premise that her condition arose from a cumulative trauma injury. Accordingly, we remand to the board to determine, in the first instance, whether the petitioner is liable for payment of the bills at issue.

To make that determination on remand, the board must decide whether the respondent's condition upon her resumption of medical treatment in July 2002 was a continuation of the condition she suffered as a result of her employment with the petitioner. If it was, the petitioner should be held responsible for payment of the bills. If, however, her condition was aggravated such that it was no longer simply a continuation of the problem she experienced as a result of working for the petitioner, the petitioner should not be held responsible for the bills.

*Vacated and remanded.*

NADEAU, DALIANIS, DUGGAN and GALWAY, JJ., concurred.