Hillsborough,
March 7, 1939. } No. 3046.

STATE *v.* J. LEONARD SWEENEY.

*J. Vincent Broderick,* County Solicitor, for the State.

*Markar G. Markarian,* for the defendant.

WOODBURY, J. Ordinances, like statutes, should be construed so as to effectuate their evident purpose. *Young* v. *Bridges,* 86 N. H. 135, 140, and cases cited. The evident purpose of the ordinance quoted above, which is applicable to the business district of the city, is primarily to provide convenient parking facilities for those who wish to make short visits to stores and business offices. Its purpose is to promote the convenience of persons who wish to make short calls at the cost of some inconvenience to those who wish to remain in the business section for periods of time in excess of an hour. There may also be secondary purposes to aid business by making it more accessible and to facilitate the movement of traffic.

The authority to enact ordinances of this sort is expressly given to cities by P. L., c. 54, s. 12, *par.* VII, and the constitutional right of a city under its police power to exercise this authority is beyond question. *State* v. *Noyes,* 30 N. H. 279, 293. Since there is no suggestion in the transferred case either that the ordinance was not properly enacted or that there was any failure to comply with the statutory provisions as to publication and posting (P. L., c. 103, s. 21), and since the defendant did not leave his automobile at the same place at the curb for over an hour at any one time without moving it, the sole question presented relates to the frequency with which the driver of an automobile may make successive uses of the privilege of parking.

The ordinance itself makes no explicit provision upon this subject and we cannot interpolate into it any definite minimum interval of time between successive uses of the same or near-by parking spaces. However, in order to effectuate the purposes of the ordinance there must be some interval, and since we cannot assume that the city government intended an unreasonable result, (*Sauriolle* v. *O'Gorman*, 86 N. H. 39, 47, and cases cited) that interval must be one which is fair and reasonable under all the circumstances.

Applying this test to the facts presented it seems evident that the defendant violated the parking ordinance in spite of his maneuvers. By his successive uses of the same parking space he, as a practical matter, appropriated a place at the curb to the exclusion of others for a period of time in excess of an hour. His reason for doing this was not to serve his own successive needs but to attempt the defeat of the purposes of the ordinance. His attempt was to evade the ordinance, not to comply with its terms. While there may be circumstances under which intervals of time of five or ten minutes between successive uses of the parking privilege could be found to be reasonable, we are of the opinion that the circumstances in the case at bar make such short intervals clearly unreasonable.

The question transferred is answered affirmatively.

*Case discharged.*

All concurred.