Merrimack
No. 89-557

QUALITY CARPETS, INC.

v.

LLOYD CARTER, JR.

March 8, 1991

*Rinden Professional Association*, of Concord (*John J.A. Schrepfer* on the brief), by brief for the plaintiff.

*Lloyd Carter, Jr., pro se,* filed no brief.

*New Hampshire Legal Assistance,* of Manchester (*Karen L. Rosenberg* on the brief), by brief for Ralph and Ruth Tibbetts, and John and Julia Dow, as *amici curiae.*

## MEMORANDUM OPINION

BROCK, C.J.   The plaintiff, Quality Carpets, Inc., appeals from an order of the Superior Court (*McGuire*, J.) staying execution and levy on defendant's real estate and requiring the defendant to make periodic payments on the judgment against him. The plaintiff asserts that the court's ruling contravenes RSA 524:6-a (Supp. 1990) and that its rights to procedural due process were violated in that it did not have an opportunity to present evidence on the issue of periodic payments. We affirm.

The relevant facts are as follows. The plaintiff obtained a default judgment against the defendant in the amount of $4,896.76 and then obtained a writ of execution and sought to levy on real estate owned by the defendant. The defendant then filed a motion to stay execution and for weekly payments on the judgment. After a hearing, the trial court granted the stay and ordered a lump sum payment of $1,000 and payments of $200 per month thereafter.

On appeal, the plaintiff contends that the superior court's order is contrary to RSA 529:1, :19, and RSA 524:6-a (Supp. 1990), because the debtor has no statutory right to request a stay of levy of execution by offering to make periodic payments.

■■   Our inquiry begins with an examination of the statutory language of RSA 524:6-a (Supp. 1990) and RSA 529:1, :19. *Appeal of*

*Coastal Materials Corp.*, 130 N.H. 98, 101, 534 A.2d 398, 399 (1987). "The words in the statute itself are the touchstone of the legislature's intention." *Id.* We will construe statutes "so as to effectuate their evident purpose." *State v. Sweeney*, 90 N.H. 127, 128, 5 A.2d 41, 41 (1939), *quoted in White v. Lee*, 124 N.H. 69, 74, 470 A.2d 849, 852 (1983).

RSA 524:6-a (Supp. 1990) states that the court "shall either at the time of rendition of the judgment inquire of the defendant as to his ability to pay the judgment in full or upon petition of the plaintiff after judgment order the defendant to appear in court for such inquiry and, at either time, order the defendant to make such periodic payments as the court in its discretion deems appropriate." RSA 524:6-a (Supp. 1990). RSA 524:6-a expressly requires the court to inquire of the defendant as to his ability to pay the judgment in full. *See Sheedy v. Merrimack Cty. Super. Ct.*, 128 N.H. 51, 55, 509 A.2d 144, 147 (1986).

The legislative history of RSA 524:6-a (Supp. 1990) recognizes that the statute essentially codified the existing inherent powers of the judge to order a defendant to make periodic payments. *Hearings before the Senate Committee on Judiciary*, at 2 (March 26, 1975) (testimony of Sen. Monier); *see also* S.B. 97, N.H.S. JOUR. 223 (1975); S.B. 97, N.H.H.R. JOUR. 781 (1975). Nothing in the legislative history suggests that if the court fails to make the required inquiry on the *day* of judgment, or on plaintiff's motion, it is precluded from doing so at another time. *See Hearings before the Senate Committee on Judiciary, supra* at 1–4; S.B. 97, N.H.S. JOUR. 223 (1975); S.B. 97, N.H.H.R. JOUR. 781 (1975).

■■ In the case before us, the defendant defaulted at both the liability and assessment of damages stages of the proceeding. Appearing *pro se* throughout the proceedings, he attended the hearing relating to the issuance of the writ of execution, but the court failed to inquire as to his ability to pay the judgment at that time. The court eventually made the inquiry at the hearing held on defendant's motion to stay execution and request for weekly payments. We find nothing, either in the language of RSA 524:6-a and RSA 529:1, :19, or in their legislative histories, suggesting that the legislature intended to limit the court's equitable power to stay executions upon such terms and conditions as it deems just. On the record before us, we conclude that the trial court did not abuse its discretion in staying the execution and ordering periodic payments. We note, however, that the trial court is not precluded from exercising its discretion to

lift the stay of execution should the defendant fail to comply with its orders.

We next consider the plaintiff's contention that its rights to procedural due process under the Federal Constitution were violated. *See Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner). Plaintiff asserts that, since the notice of hearing stated that the hearing was on "Defendant's Motion to Stay Execution," the plaintiff was not informed that the weekly payment issue would also be addressed. We disagree.

█ The plaintiff's objection to defendant's motion addressed both the request for stay of execution and the request for weekly payments. The superior court notified plaintiff of the hearing on the motion, and the plaintiff not only appeared at the hearing, but argued the merits of both defendant's request for stay of execution and his request for periodic payments. The plaintiff's claim that it was denied procedural due process is without merit.

*Affirmed.*

All concurred.