Rockingham
No. 93-831

BARBARA DOGGETT

v.

TOWN OF NORTH HAMPTON ZONING BOARD OF ADJUSTMENT

August 1, 1994

*Engel, Gearreald & Gardner, P.A.*, of Exeter (*David C. Engel* on the brief and orally), for the plaintiff.

*Casassa & Ryan*, of Hampton (*John J. Ryan* on the brief, and *Daniel R. Hartley* orally), for the defendant.

JOHNSON, J.   The issue in this case is whether RSA 508:10 (1983), the "second suit" or "savings" statute, applies to a second appeal brought in superior court by the plaintiff, Barbara Doggett, from a decision of the defendant, the Town of North Hampton (town) Zoning Board of Adjustment (ZBA). *See* RSA 677:4 (1986). The Superior Court (*Gray*, J.) granted the ZBA's motion to dismiss, and Doggett now appeals to this court. We reverse and remand.

The underlying dispute concerns a building permit Doggett received from the building inspector and board of selectmen to build a house and garage on her property in North Hampton. Upon request of a town resident, the ZBA ordered the permit withdrawn. *See* RSA 676:5 (Supp. 1987). Doggett timely appealed the ZBA's decision to the superior court in 1988. *See* RSA 677:4. In 1993, after almost five years had elapsed with no action on the case docket, the ZBA moved to dismiss for lack of prosecution. Doggett objected, arguing that the inaction was due to the court's failure to schedule the case for trial. The Superior Court (*Perkins*, J.) granted the ZBA's motion, and on August 23, 1993, this court declined to accept Doggett's appeal.

On August 27, 1993, Doggett filed a second appeal in the superior court. It is largely identical to her first one and cites the second suit provisions of RSA 508:10. The ZBA again moved to dismiss, this time arguing: (1) RSA 508:10 does not apply to appeals originally brought under RSA 677:4 and, thus, Doggett's appeal was untimely under RSA 677:4; and (2) if RSA 508:10 does apply, Doggett must refile her request for a building permit before returning to the superior court. Doggett objected to the ZBA's motion, but the superior court granted it, without explanation.

Because the superior court did not explain why it granted the ZBA's motion to dismiss Doggett's second appeal below, we assume, as the parties do, that the court accepted one or both of the arguments offered by the ZBA in support of the motion. We therefore address both arguments.

The first issue is whether RSA 508:10 applies to appeals originally brought in the superior court pursuant to RSA 677:4. To resolve this issue, we focus on the words of the statutes, as they are the touchstone of legislative intent. *See Greenhalge v. Town of Dunbar-*

*ton*, 122 N.H. 1038, 1040, 453 A.2d 1295, 1296 (1982). If the language is plain and unambiguous, "we need not look beyond the statute for further indications of legislative intent." *Silva v. Botsch*, 120 N.H. 600, 601, 420 A.2d 301, 302 (1980). At the same time, "the words of a statute should not be read in isolation[;] . . . instead all parts of a statutory act must be construed together." *Dionne v. City of Manchester*, 134 N.H. 225, 228, 589 A.2d 1016, 1018 (1991). We construe the statutes "so as to effectuate their evident purpose," *State v. Sweeney*, 90 N.H. 127, 128, 5 A.2d 41, 41 (1939), and avoid an interpretation that would lead to an absurd or unjust result, *see Raudonis v. Ins. Co. of North America*, 137 N.H. 57, 61, 623 A.2d 746, 749 (1993); *Psychiatric Inst. of America v. Mediplex*, 130 N.H. 125, 129, 536 A.2d 169, 171 (1987).

With these precepts in mind, we examine the statutes at issue, the parties' arguments, and the relevant case law. RSA 677:4 provides:

> "Any person aggrieved by any order or decision of the zoning board of adjustment or any decision of the local legislative body may apply to the superior court within 30 days after the action complained of has been recorded, by petition, setting forth that such decision or order is illegal or unreasonable, in whole or in part, and specifying the grounds upon which the decision or order is claimed to be illegal or unreasonable."

RSA 508:10 reads: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." Doggett filed her second appeal in the superior court just days after we summarily affirmed the dismissal of her first one; there is accordingly no dispute that it is timely under RSA 508:10. *See Adams v. Sullivan*, 110 N.H. 101, 105, 261 A.2d 273, 276 (1970). Similarly, the parties agree that the superior court's dismissal of Doggett's first appeal for failure to prosecute does not bar her "right of action." *See Carveth v. Latham*, 110 N.H. 232, 234, 265 A.2d 1, 2–3 (1970). The chief point of contention, rather, is the meaning of the word "action" in RSA 508:10, and whether the statute includes Doggett's second appeal in the superior court.

█ We hold that RSA 508:10 does include Doggett's second appeal. Nothing in RSA 508:10 defines "action" to exclude appeals originally brought under RSA 677:4 or implies that the word should be so interpreted. Even the technical meaning of the word does not con-

template a distinction between zoning and other actions. *See* BAL-LENTINE'S LAW DICTIONARY 18 (3d ed. 1969); *see also* RSA 21:2 (1988). We therefore conclude that none exists. Moreover, we have frequently stated that RSA 508:10 "is to be given a liberal inter-pretation." *Rowe v. John Deere*, 130 N.H. 18, 23, 533 A.2d 375, 378 (1987). The statute was "designed to insure a diligent suitor the right to a hearing in court until he reaches a judgment on the merits," *Adams*, 110 N.H. at 105, 261 A.2d at 276; this "liberal purpose . . . is not to be frittered away by any narrow construction," *Berg v. Kelley*, 134 N.H. 255, 257, 590 A.2d 621, 622 (1991) (quotation omitted); *cf. Sweeney*, 90 N.H. at 128, 5 A.2d at 41 (statute must be construed to effectuate its purpose).

The ZBA urges us to consider RSA 508:10 in conjunction with RSA 508:1 (1983). RSA 508:1 states: "The provisions of this chapter shall not apply to cases in which *a different time* is limited by stat-ute." (Emphasis added.) RSA chapter 508 (1983 & Supp. 1993), enti-tled "Limitation of Actions," is largely made up of general statutes of limitations relating to various actions of different durations, *see, e.g.*, RSA 508:2 (1983) (real actions); RSA 508:4 (Supp. 1993) (personal actions), along with some tolling provisions, *see, e.g.*, RSA 508:3 (1983) (disabilities regarding real actions); RSA 508:9 (1983) (de-fendant's absence). The ZBA argues that RSA 508:1 renders RSA 508:10 inapplicable to an action such as this one whose limitation period is not specified in RSA chapter 508. We disagree.

■ The phrase "a different time" in RSA 508:1 implies a compar-ison between different statutes, one from RSA chapter 508 and one from another chapter. We find that the purpose of RSA 508:1 is to make RSA chapter 508 the source for "catch-all" statutes of limita-tions and tolling provisions, and to ensure that more specific statutes found elsewhere remain controlling. Thus, RSA 508:1 should come into play only when the statutes being compared contain similar, po-tentially conflicting, types of time limits. For example, RSA 508:4 provides a general three-year limit on bringing personal actions. RSA 225-A:25, IV (1989), however, allows a skier or passenger only two years to bring an action against a ski area operator for personal injuries. RSA 508:4's three-year limit is the same type of restriction as RSA 225-A:25, IV's two-year limit; it prescribes the time for bringing an action in the first instance. Because the two time limits are similar in nature and, therefore, potentially conflicting, RSA 508:1 operates to make the two-year limit controlling.

■ An inspection of RSA 677:4, in contrast, reveals nothing akin to RSA 508:10's one-year limit for bringing a second suit. The only

time limit appearing in RSA 677:4 is the thirty-day period for bringing an appeal to the superior court in the first instance. A person can thus obey both rules without conflict, making resort to RSA 508:1 unnecessary. As noted above, the purpose of RSA 508:1 is to preserve the vitality of limitations statutes found outside of RSA chapter 508. This goal is not hindered by giving RSA 508:10 a plain reading and making it applicable to appeals filed originally under RSA 677:4. Bearing in mind our policy of giving RSA 508:10 a broad, liberal reading, *Rowe*, 130 N.H. at 23, 533 A.2d at 378, we hold that RSA 508:1 poses no bar to RSA 508:10's application in an appeal originally brought in superior court pursuant to RSA 677:4.

The second issue we address is whether RSA 508:10 prevents Doggett from obtaining adjudication on the merits in the superior court without first reapplying for a building permit and, assuming a challenge to it, going through the ZBA again. Citing RSA 677:4, the ZBA argues that the superior court is currently without subject matter jurisdiction over Doggett's case because she did not file her second appeal within thirty days of the ZBA's decision. Doggett, of course, filed her first appeal within the thirty-day limit, vesting jurisdiction in the superior court at least temporarily. *Cf. Dermody v. Town of Gilford*, 137 N.H. 294, 297, 627 A.2d 570, 571 (1993). The question then is whether the superior court's dismissal of the first appeal divests that court of its jurisdiction. We hold that it does not.

For clarity, we set forth RSA 508:10 once more: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, *a new action may be brought* thereon in one year after the judgment." (Emphasis added.) The jurisdiction issue depends on the meaning of the word "action" in the phrase, "a new action may be brought." If "action" refers to the superior court appeal, Doggett's second appeal could not have been properly dismissed for lack of jurisdiction because she brought it well within the one-year limit. If "action" means the entire case involving Doggett's building permit, including the proceeding before the town selectmen and building inspector, Doggett would have been required to reapply for the permit within the one-year limit. We think the first meaning is more compatible with our rules of statutory construction. BALLENTINE'S defines "action" as "inclusive of [a] cause of action or right of action, as well as a pending action, in a statute providing for the survival of an action." BALLENTINE'S LAW DICTIONARY, *supra* at 18. An appeal in the superior court from a

decision of the ZBA fits this definition. Accordingly, we reverse and remand for further proceedings.

*Reversed and remanded.*

All concurred.