U.S. District Court
No. 2003-171

LINDA J. STEIR, m/n/f MARIKA STEIR

v.

GIRL SCOUTS OF THE U.S.A. & a.

Argued: September 17, 2003
Opinion Issued: October 29, 2003

*Disabilities Rights Center, Inc.,* of Concord (*Amy B. Messer* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton, P.A.,* of Manchester (*Linda S. Johnson* and *Jennifer L. Parent* on the brief), and *Kelley Drye & Warren, L.L.P.,* of New York, New York (*Kenneth Kirschner* and *Patricia A. Cody* on the brief, and *Mr. Kirschner* orally), for defendant Girl Scouts of the U.S.A.

*Wenger & Cronin, P.C.,* of Manchester (*John Cronin* and *John Bisson* on the brief) and *Burns & Levinson L.L.P.,* of Boston, Massachusetts

(*Richard G. Pichette* and *Paul T. Muniz* on the brief, and *Mr. Pichette* orally), for defendant Spar & Spindle Council.

*John D. MacIntosh,* of Concord, by brief, for Granite State Guardianship Services, The National Alliance for the Mentally Ill, New Hampshire, The Office of Public Guardian, The Parent Information Center and The Regional Action Committees, as *amici curiae.*

NADEAU, J. The United States District Court for the District of New Hampshire (*Barbadoro*, C. J.) certified the following questions of law, *see* SUP. CT. R. 34:

> (1) Does [RSA] 508:8 (1997) apply to a claim brought on behalf of a minor pursuant to the New Hampshire Law Against Discrimination?
>
> (2) Is either the Girl Scouts of the United States of America or a local Girl Scout troop operating under the supervision of an affiliated organization such as the Spar & Spindle Council a "place of public accommodation" within the meaning of the New Hampshire Law Against Discrimination?

For the reasons explained below, we answer the first question in the negative. Because we answer the first question in the negative, we do not reach the merits of the second question.

In 1994, Marika Steir, a teenager with cerebral palsy, joined Troop 467 of the defendant Girl Scouts of the United States of America (GSUSA). Troop 467, stationed in Atkinson, is part of the defendant Spar & Spindle Council (Spar and Spindle), which serves as the regional council for GSUSA. Steir alleges that during her membership, Spar and Spindle engaged in numerous discriminatory acts. According to the district court order of certification, the last incident of alleged discrimination occurred in June 1999. In August 1999, Steir terminated her membership in GSUSA, at least in part as a result of the alleged discrimination.

On February 1, 2000, Steir, through her mother, Linda Steir, filed a charge of discrimination with the New Hampshire Commission for Human Rights (NHCHR) against GSUSA and Spar and Spindle. In her charge, Steir alleged that the defendants failed to make reasonable accommodations for Marika's disabilities in violation of the New Hampshire Law Against Discrimination (LAD). *See* RSA ch. 354-A (1995 & Supp. 2002). The NHCHR requested that Steir provide information concerning the responsibility of GSUSA and the timeliness of the complaint including the last date of the alleged discrimination. In

response, Steir sought permission to file a civil action in superior court, which the NHCHR granted. On August 14, 2000, Steir filed a claim in superior court, which the defendants removed to the federal district court. Because this claim concerns unresolved issues of New Hampshire law, the district court certified questions to this court.

To qualify for relief under the LAD, the aggrieved person must file with the NHCHR a verified complaint "within 180 days after the alleged act of discrimination." RSA 354-A:21, I(a), III (Supp. 2002); *see also* N.H. ADMIN. RULES, Hum 201.02 ("A complaint filed by a parent or guardian on behalf of a minor child shall be verified by the parent or guardian on behalf of such child."). Steir's complaint exceeded the 180-day limitation period of RSA 354-A:21, III, because she filed the complaint with NHCHR on February 1, 2000, and the last alleged acts of discrimination occurred in June 1999. The issue we are asked to decide is whether the New Hampshire disability tolling provision under RSA 508:8 relieves Steir of strict observance of the 180-day limitation period under RSA 354-A:21, III because she is a minor.

This court is the final arbiter of the legislature's intent as expressed in the words of the statute considered as a whole. *In the Matter of Breault & Breault*, 149 N.H. 359, 361 (2003). We first examine the language of the statute, and where possible, ascribe the plain and ordinary meanings to the words used. *Id.* When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we refuse to consider what the legislature might have said or add language that the legislature did not see fit to incorporate in the statute. *Id.* Furthermore, we interpret statutes in the context of the overall statutory scheme and not in isolation. *Id.*

RSA 508:8 provides: "An infant or mentally incompetent person may bring a personal action within 2 years after such disability is removed." The very first provision in this chapter, however, provides: "The provisions of this chapter shall not apply to cases in which a different time is limited by statute." RSA 508:1 (1997). RSA chapter 508, which is entitled "Limitation of Actions," is largely comprised of general statutes of limitations concerning various actions, *see, e.g.*, RSA 508:2 (1997) (real actions); 508:4 (1997) (personal actions); RSA 508:9 (1997) (defendant's absence); *see also Doggett v. Town of North Hampton*, 138 N.H. 744, 747 (1994). Steir contends that the general tolling provision of RSA 508:8 applies to the more specific statute of limitations under the LAD. We disagree.

■ We noted in *Doggett* that the phrase "a different time" in RSA 508:1 implies a comparison between different statutory provisions, one from RSA chapter 508 and one from another chapter. *Doggett*, 138 N.H. at 747. "[T]he purpose of RSA 508:1 is to make RSA chapter 508 the source for 'catch-all' statutes of limitations and tolling provisions, and to ensure that more specific statutes found elsewhere remain controlling." *Id.* Because RSA 354-A:21 provides for a more specific statute of limitations, it is the controlling provision.

■ The exception granted minors rests on legislative determination and not some fundamental precept of law. *See Johns v. Wynnewood School Bd. of Educ.*, 656 P.2d 248, 249 (Okla. 1982). Since 1883, the United States Supreme Court has recognized that a statute of limitations runs against all persons, even minors, unless the statute expressly provides otherwise. *See Vance v. Vance*, 108 U.S. 514, 521-22 (1883); 51 AM. JUR. 2D *Limitation of Actions* § 224 (2000); 54 C.J.S. *Limitation of Actions* § 112(b) (1987). Here, because the legislature has not specifically excepted minors from the 180-day limitation period of RSA 354-A:21, III, it applies to her as it does to other aggrieved persons.

This reading is also consistent with the goal of RSA 508:1 to preserve the more specific, legislatively crafted time limitations found outside of RSA chapter 508. *See Doggett*, 138 N.H. at 747. It is the prerogative of the legislature to carve out an exception to the limitation period within chapter 354-A for minors, if it wishes to do so, not the function of the court to create legislation where none exists. *See In the Matter of Plaisted & Plaisted*, 149 N.H. 522, 526 (2003).

■ In the alternative, Steir argues that RSA 354-A:25 prevents the application of the 180-day limitation to her. We disagree. RSA 354-A:25 (1995) provides, in pertinent part: "No provision of this chapter shall be deemed to supersede any other provision of law for the protection of minors or for the regulation of the employment of minors." RSA 354-A:25 is a general provision located at the end of the chapter. This section is designed to ensure that this chapter does not erode other substantive laws protecting minors. As we have stated on many occasions, however, statutes must be interpreted within the context of the overall statutory scheme and not in isolation. *Breault*, 149 N.H. at 361.

The language of RSA 354-A:25, when read in the context of the LAD, does not suggest that the legislature intended to alter the statute of limitations for minors. In fact, the plain language of RSA 354-A:21, III is unambiguous in its requirement that an aggrieved person file a complaint within 180 days of the alleged discrimination. It would be contrary to

proper statutory interpretation to read RSA 354-A:25 as virtually negating an obligation set forth in a previous section of the same chapter. *Cf. Breault*, 149 N.H. at 361. Therefore, when these statutes are viewed in the context of the LAD as a whole, RSA 354-A:25 should be read as a mechanism to permit the enforcement of substantive provisions of other New Hampshire laws protecting minors.

Because RSA 354-A:21, III provides for a more specific statute of limitations, RSA 508:8 does not apply to a claim brought on behalf of a minor pursuant to the LAD.

*Remanded.*

BROCK, C.J., and BRODERICK, DALIANIS and DUGGAN, JJ., concurred.