Jones v. McFarland Ford                CV-05-347-JD   12/15/05
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Michael R. Jones

     v.                                  Civil No. 05-cv-347-JD
                                         Opinion No. 2005 DNH 163
McFarland Ford Sales, Inc., et al.


                              O R D E R


     Michael R. Jones filed suit in state court against his
former employer, McFarland Ford Sales, Inc.; its president, Susan
McFarland Moynahan, and his supervisor, Nancy Brewer.  Jones
alleged gender discrimination in violation of Title VII of the
Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, et seq.; violation
of the Fair Labor Standards Act, 29 U.S.C. § 207, and state law
claims including a claim of retaliation in violation of New
Hampshire Revised Statutes Annotated ("RSA") § 354-A:19.  The
defendants removed the case to this court, based on federal
question jurisdiction.  The defendants then moved for partial
judgment on the pleadings.  In response, Jones voluntarily
dismissed several of his claims but objected to dismissal of his
claim in Count V under RSA 354-A:19 brought against Moynahan and
Brewer.

Discussion

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is decided under the same standard as a motion to dismiss. Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005). When considering a motion for judgment on the pleadings, the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998). Judgment on the pleadings is not appropriate "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief.'" Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991) (quoting Rivera-Gomez v. De Castro, 843 F.2d 631, 635 (1st Cir. 1988)).

Count V of the complaint is captioned as a violation of RSA 354-A:19 by McFarland Ford, Moynahan, and Brewer. Jones alleges: "The Defendant, by and through its agents and employees, engaged in a pattern and practice of adverse acts whether none, in part or in whole, retaliatory and resulted in the suspension, and ultimately the termination of, Mr. Jones." Complaint ¶ 66. He

2

then concludes the claim, alleging: "Defendants, engaged in intentional conduct in violation of the Law Against Discrimination and with malice and reckless indifference with respect to Mr. Jones' state protected rights under RSA 354-A:19." Id. ¶ 67.

The defendants challenge Jones's claim under RSA 354-A:19 against the individual defendants, Moynahan and Brewer. Jones has conceded that no individual liability exists for employment discrimination claims under Title VII and RSA 354-A:7. He argues, however, that the retaliation statute, RSA 354-A:19, is written more broadly and should be interpreted to include individual liability in the context of his claim.[1]

RSA 354-A:7 applies to discrimination in employment; RSA 354-A:10 applies to discrimination in housing, and RSA 354-A:17 applies to discrimination in public accommodations. In the

---

[1]As an initial matter, it is far from clear that Jones alleged a claim against Moynahan and Brewer under RSA 354-A:19. Paragraph 66 appears to concede that possibly none of the acts alleged were retaliatory. In addition, Jones alleges that McFarland Ford ("The Defendant") engaged in adverse acts "through its agents and employees," and follows with an allegation that the employees' actions were malicious and recklessly indifferent to his rights. If those allegations state a violation of RSA 354-A:19 at all, it would appear that the claim is brought against McFarland Ford, based on the actions and conduct of Moynahan and Brewer. Notwithstanding the lack of clarity, the defendants and Jones interpret the complaint to allege a claim under RSA 354-A:19 against Moynahan and Brewer, individually.

3

employment context, chapter 354-A prohibits discrimination by an "employer," meaning an entity with six or more employees. RSA 354-A:7; RSA 354-A:2, VII (defining "employer"). In the context of housing and public accommodations, however, the statutes prohibit discrimination by "any person." RSA 354-A:10 & 354-A:17. It is also an unlawful discriminatory practice for "any person" to retaliate against a person who has opposed discriminatory practices or has participated in proceedings under chapter 354-A. RSA 354-A:19.[2] "Person" is defined in the chapter to include "one or more individuals, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, trustees in bankruptcy, receivers, and the state and all political subdivisions, boards, and commissioners thereof." RSA 354-A:2, XIII.

The defendants argue that because employment discrimination claims under RSA 354-A may be brought only against an employer, not against individuals, the prohibition against retaliation in

---

[2] RSA 354-A:19 provides:

It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to discharge, expel, or otherwise retaliate or discriminate against any person because he has opposed any practices forbidden under this chapter or because he had filed a complaint, testified or assisted in any proceeding under this chapter.

4

RSA 354-A:19 is also limited to employers when retaliation is claimed in an employment context. Jones argues that because RSA 354-A:19 uses "person" rather than "employer," it should be interpreted to allow retaliation claims against "persons" in all contexts.

The interpretation of a state statute by the highest state court is binding on federal courts. Esso Standard Oil Co. v. Cotto, 389 F.3d 212, 224 (1st Cir. 2004). The New Hampshire Supreme Court, however, has not had an opportunity to interpret the application of RSA 354-A:19. Therefore, this court will interpret the statute using the same methods that the New Hampshire Supreme Court would apply. See, e.g, Nat'l Pharms., Inc. v. Feliciano-de-Melecio, 221 F.3d 235, 241 (1st Cir. 2000).

The New Hampshire Supreme Court interprets state statutes as a question of law. Woodview Dev. Corp. v. Town of Pelhan, 152 N.H. 114, 116 (2005). The court "[f]irst examine[s] the language of the statute, and where possible, ascribe[s] the plain and ordinary meanings to the words used." Steir v. Girl Scouts of U.S.A., 150 N.H. 212, 214 (2003). The plain and ordinary meaning of the statutory language is not taken in isolation but instead is interpreted within the statutory context. Franklin Lodge of Elks v. Marcoux, 149 N.H. 581, 585 (2003). "Unless [the court] find[s] the statutory language is ambiguous, [the court] need not

5

look to legislative intent." Delucca v. Delucca, 152 N.H. 100, 103 (2005).

The defendants point to Tuxford v. Vitts Networks, Inc., 2002 WL 31689346 (D.N.H. Nov. 18, 2002), in which Judge McAuliffe directed the plaintiff to show cause why an individual defendant was not entitled to summary judgment on her aiding and abetting claim under RSA 354-A:2, XV(d). The issue in that case was whether an employee, as opposed to a third party extrinsic to the employer, could aid and abet the employer in discriminatory conduct. Id. at *4. Because summary judgment was granted due to the plaintiff's failure to name the individual defendant in her administrative complaint, the legal issue under RSA 354-A:2 was not resolved. Tuxford v. Vitts Networks, Inc., 2003 WL 118242, at *3 (D.N.H. Jan. 13, 2003). The Tuxford case, therefore, provides no insight into the application of RSA 354-A:19 in this case.

RSA 354-A:19 states that it is unlawful "for any person engaged in any activity to which this chapter applies" to retaliate as described in the statute. The activities described in the chapter are employment, housing, and public accommodation. As is noted above, unlawful discrimination in employment is limited to actions by an employer. RSA 354-A:7. Therefore, to be engaged in an activity to which chapter 354-A applies in the

6

employment context, the retaliator necessarily would be an employer. Because the definition of person would also include employers, the statute applies to all activities covered by chapter 354-A. Taking RSA 354-A:19 in the context of the statutory scheme of chapter 354-A, as the statute plainly directs, unlawful retaliation in the employment context is limited to actions by an employer. Moynahan and Brewer are entitled to judgment on the pleadings as to Jones's claim against them under RSA 354-A:19, as alleged in Count V.

Conclusion

For the foregoing reasons, the defendants' motion for partial judgment on the pleadings (document no. 6) is granted as to the plaintiff's claim in Count V against the individual defendants and is otherwise terminated as moot due to the stipulation of dismissal (document no. 7).

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

December 15, 2005

cc: Debra Weiss Ford, Esquire
    Douglas W. Macdonald, Esquire