NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

U.S. District Court
No. 2015-0258


U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION & a.

v.

FRED FULLER OIL COMPANY, INC. & a.

Argued:  September 24, 2015
Opinion Issued:  February 23, 2016


Law Office of Leslie H. Johnson, PLLC, of Center Sandwich (Leslie H. Johnson on the brief and orally), and Purcell Law Office, PLLC, of Portsmouth (Ellen Purcell on the brief), for plaintiffs Beverly Mulcahey and Nichole Wilkins.

Jackson Lewis P.C., of Portsmouth (Martha Van Oot and K. Joshua Scott on the brief, and Ms. Van Oot orally), for defendant Frederick J. Fuller.

Law Offices of Nancy Richards-Stower, of Merrimack (Nancy Richards-Stower on the brief), and Backus, Meyer and Branch, LLP, of Manchester (Jon Meyer on the brief), for the New Hampshire Chapter of the National Employment Lawyers Association, as amicus curiae.

CONBOY, J. Pursuant to Supreme Court Rule 34, the United States District Court for the District of New Hampshire (Barbadoro, J.) certified to us the following questions of law:

1. Whether sections 354-A:2 and 354-A:7 of the New Hampshire Revised Statutes impose individual employee liability for aiding and abetting discrimination in the workplace.

2. Whether section 354-A:19 of the New Hampshire Revised Statutes imposes individual employee liability for retaliation in the workplace.

For the reasons stated below, we answer both questions in the affirmative.

The federal district court's order sets forth the following facts regarding the federal court case that led to the certified questions. The plaintiffs, Nichole Wilkins and Beverly Mulcahey, sued their former employer, Fred Fuller Oil Company, Inc. (Fuller Oil), for sexual harassment and retaliation. See 42 U.S.C. § 2000e (2012) (Title VII); RSA ch. 354-A (2009 & Supp. 2015). The plaintiffs also sued Frederick J. Fuller, an employee of Fuller Oil, individually (hereinafter referred to as the defendant). See RSA ch. 354-A.

Prior to trial, the defendant sought to prohibit the plaintiffs from asserting claims against him under RSA chapter 354-A in his individual capacity. The district court thereafter informed the parties that it would not allow the plaintiffs to assert such claims. Subsequently, Fuller Oil filed for bankruptcy protection and, therefore, the case against Fuller Oil was stayed; thereafter the case was reopened as to claims against the defendant. Because the questions of whether an employee can recover damages from another employee for aiding and abetting sexual harassment or for retaliation under RSA chapter 354-A concern unresolved issues of New Hampshire law, the district court certified the questions to this court. Neither named plaintiff U.S. Equal Employment Opportunity Commission nor the other named defendant, Fuller Oil, is a party to this certification proceeding.

Responding to the certified questions requires us to engage in statutory interpretation. We are the final arbiters of the legislature's intent as expressed in the words of the statute considered as a whole. Steir v. Girl Scouts of the U.S.A., 150 N.H. 212, 214 (2003). We begin by examining the language of the statute, and if possible, ascribe the plain and ordinary meanings to the words used. Id. When a statute's language is plain and unambiguous, we need not look beyond it for further indication of legislative intent, and we decline to consider what the legislature might have said or to add language that the legislature did not see fit to incorporate in the statute. Id. We do not consider words and phrases in isolation; rather, we consider them in the context of the statute as a whole. Franklin Lodge of Elks v. Marcoux, 149 N.H. 581, 585

2

(2003). This enables us to better discern the legislature's intent and to interpret statutory language in light of the policy or purpose sought to be advanced by the statutory scheme. Id.

RSA chapter 354-A, known as the "Law Against Discrimination," prohibits unlawful discrimination based upon age, sex, race, creed, color, marital status, familial status, sexual orientation, physical or mental disability or national origin in employment, housing accommodations, and places of public accommodations as provided therein. See RSA 354-A:1 (2009) (title and purposes of chapter), :6-:7 (2009) (equal employment), :8-:15 (2009 & Supp. 2015) (fair housing), :16-:17 (2009) (public accommodations). The New Hampshire Commission for Human Rights (HRC) is the agency charged with eliminating and preventing discrimination under RSA chapter 354-A, see RSA 354-A:1, and is authorized "[t]o receive, investigate and pass upon complaints alleging violations of [the] chapter." RSA 354-A:5, VI (2009). When considering the questions posed by the district court, we are mindful of the legislative directive to liberally construe the statutory scheme in RSA chapter 354-A to effectuate its purpose. See RSA 354-A:25 (2009).

I.    Aiding and Abetting Unlawful Discrimination in the Workplace

We begin by addressing the first question of whether RSA 354-A:2 (2009) and RSA 354-A:7 impose liability upon individual employees for aiding and abetting discrimination in the workplace. RSA 354-A:2 provides definitions for terms used throughout the chapter. Under RSA 354-A:2, XV(a), an "'[u]nlawful discriminatory practice'" includes "[p]ractices prohibited by RSA 354-A." Unlawful employment discrimination is one of the practices prohibited under RSA chapter 354-A. See RSA 354-A:1, :6, :7. As relevant here, RSA 354-A:7 provides:

It shall be an unlawful discriminatory practice:

I.   For an employer, because of the age, sex, race, color, marital status, physical or mental disability, religious creed, or national origin of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification. In addition, no person shall be denied the benefit of the rights afforded by this paragraph on account of that person's sexual orientation.

RSA 354-A:7, I. "'Employer'" is defined, in relevant part, as "not includ[ing] any employer with fewer than 6 persons in its employ." RSA 354-A:2, VII. Under RSA 354-A:2, XV(d), "'[u]nlawful discriminatory practice'" also includes "[a]iding, abetting, inciting, compelling or coercing another or attempting to aid,

3

abet, incite, compel or coerce another to commit an unlawful discriminatory practice or obstructing or preventing any person from complying with this chapter or any order issued under the authority of this chapter."

Both RSA 354-A:7, I, and RSA 354-A:2, XV(d) describe actions that constitute unlawful discriminatory practices under RSA chapter 354-A. RSA 354-A:7, I, identifies certain acts committed by <u>an employer</u> as unlawful discriminatory practices. RSA 354-A:2, XV(d) specifies that <u>any</u> act of aiding, abetting, inciting, compelling or coercing another to commit an unlawful discriminatory practice, or attempting to do so, or obstructing or preventing any person from complying with the chapter is itself an unlawful discriminatory practice. As applied in the employment context, RSA 354-A:2, XV(d) makes it an unlawful discriminatory practice to aid and abet an employer to commit an unlawful discriminatory practice under RSA 354-A:7, I. Nothing in the language of RSA 354-A:2, XV(d), however, specifies <u>who</u> may be liable for aiding and abetting an unlawful discriminatory practice. We, therefore, look to other provisions of the statutory scheme for guidance. Cf. <u>In the Matter of B.T.</u>, 153 N.H. 255, 260 (2006) ("Where a term or phrase is not specifically defined, we look to other provisions of the statutory scheme for guidance." (quotation omitted)).

RSA 354-A:21 (2009) governs procedures on complaints under RSA chapter 354-A. RSA 354-A:21, I(a) states:

> Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the [HRC] a verified complaint in writing which shall state <u>the name and address of the person, employer, labor organization, employment agency or public accommodation alleged to have committed the unlawful discriminatory practice complained of</u> and which shall set forth the particulars thereof and contain such other information as may be required by the [HRC]. The attorney general or one of the commissioners may, in like manner, make, sign, and file such complaint.

(Emphasis added.); <u>see</u> RSA 354-A:21-a, I (2009) (permitting "[a]ny party alleging to be aggrieved by any practice made unlawful under this chapter" to "bring a civil action for damages or injunctive relief or both, in the superior court for the county in which the alleged unlawful practice occurred or in the county of residence of the party" after a specified period of time from the filing of the complaint with the HRC or sooner if the HRC consents in writing). If the claimant can prove that the respondent alleged to have committed the unlawful discriminatory practice has, in fact, engaged in any unlawful discriminatory practice as defined under the chapter, RSA 354-A:21, II(d) empowers the HRC to take action against the respondent. RSA 354-A:21, II(d).

Reading RSA 354-A:21, I(a) in conjunction with RSA 354-A:2, XV(d) and RSA 354-A:7, I, we conclude that any person may file a complaint against a "person, employer, labor organization, employment agency or public accommodation alleged to have committed the unlawful discriminatory practice," RSA 354-A:21, I(a) (emphasis added), of aiding and abetting discrimination in the workplace, RSA 354-A:2, XV(d); RSA 354-A:7, I. "'Person'" is defined as including "one or more individuals, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, trustees in bankruptcy, receivers, and the state and all political subdivisions, boards, and commissions thereof." RSA 354-A:2, XIII (emphasis added). Thus, individuals may be liable for aiding and abetting unlawful employment discrimination under RSA 354-A:2 and :7.

The defendant argues that liability for aiding and abetting unlawful discrimination under RSA 354-A:2, XV(d) is necessarily limited to employers. Relying upon the definition of employer in RSA 354-A:2, VII, he contends that it would be illogical for the legislature to exempt employers with fewer than six employees from liability for unlawful discriminatory practices, but subject individual employees of such exempt employers to liability for aiding and abetting. The legislature's decision to limit the liability of employers to those employers with six or more employees, however, does not require a conclusion that it intended to exclude all individual employees from liability, regardless of whether their employer is exempt. The defendant's interpretation would absolve an individual employee from any liability for aiding and abetting his employer to commit an unlawful act of discrimination under RSA 354-A:7, I, which action by the employee is specifically defined as an unlawful discriminatory practice under RSA 354-A:2, XV(d). Such an interpretation is plainly inconsistent with the stated intent of RSA chapter 354-A "to eliminate and prevent discrimination in employment." RSA 354-A:1.

Nevertheless, for an individual to be liable for aiding and abetting unlawful employment discrimination under RSA 354-A:2, XV(d), it must be proven that the individual aided and abetted an unlawful discriminatory practice committed by an employer as specified in RSA 354-A:7, I. Thus, if there is no unlawful discriminatory practice by an employer, there can be no individual employee liability for aiding and abetting. Because "employers" with fewer than six employees are exempt from liability under the chapter, see RSA 354-A:2, VII, "unlawful discriminatory practice" under RSA 354-A:7, I, does not include acts committed by an "employer" with fewer than six persons in its employ. It follows, therefore, that an individual employee of an "employer" with fewer than six employees would not have committed an unlawful discriminatory practice under RSA 354-A:2, XV(d).

Accordingly, pursuant to a plain reading of the statute, individual employees may be liable for aiding and abetting discrimination in the

workplace under RSA 354-A:2, XV(d) and RSA 354-A:7.  We, therefore, answer the first question in the affirmative.

II.      Retaliation in the Workplace

We next turn to the second question, which asks whether RSA 354-A:19 (2009) imposes individual employee liability for retaliation in the workplace. Because the district court has interpreted the claim in the plaintiffs' complaint as alleging that "Fuller retaliated against [plaintiff Mulcahey] in violation of" RSA 354-A:19, we answer the broad question posed as to whether an individual employee can be liable under RSA 354-A:19.

RSA 354-A:19 provides:

It shall be an unlawful discriminatory practice for any <u>person engaged in any activity to which this chapter applies</u> to discharge, expel or otherwise retaliate or discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under this chapter.

RSA 354-A:19 (emphasis added).

The defendant argues that "[t]he only logical and rational way to construe RSA 354-A:19" is to interpret the phrase "person engaged in any activity to which this chapter applies" as referring only to the "'persons' in each of the three activities of employment, housing and public accommodations to whom the Legislature specifically concluded that liability for discrimination should attach."  He maintains that as to employment, the only "person engaged in any activity to which this chapter applies" is an employer and, therefore, only employers can be liable for retaliation.  However, we do not read the phrase "engaged in any activity to which this chapter applies," RSA 354-A:19, as limiting liability for retaliation to employers.

As explained above, RSA 354-A:2, XIII defines "'[p]erson'" as including "one or more individuals."  Thus, RSA 354-A:19 applies to "any person," including "one or more individuals," engaged in any of the activities to which RSA chapter 354-A applies.  In the context of this case, the chapter applies to the activity of "employment."  Therefore, any person who retaliates against another person in the workplace because he or she has taken any of the specified protected actions is liable, under RSA 354-A:19, for an unlawful discriminatory practice.

The defendant's interpretation of the statute would require us to ignore the statutory definition of "person."  This we will not do.  "It is a basic precept of statutory construction that the definition of a term in a statute controls its

6

meaning." Manchenton v. Auto Leasing Corp., 135 N.H. 298, 303 (1992) (quotation omitted). We presume the legislature knew the meaning of the words it chose, and that it used those words advisedly. See Roberts v. Town of Windham, 165 N.H. 186, 190 (2013). We will not modify, through judicial construction, the legislature's explicit definition of the word "person" as used in RSA chapter 354-A. See Manchenton, 135 N.H. at 303. Had the legislature intended to limit liability for retaliation in the workplace to employers, it could have expressly done so. Instead, as relevant in the employment context, the legislature specified that any "person" may be held liable for retaliation without regard to whether that person is also an "employer" within the meaning of the chapter.

The defendant asserts that, under our interpretation, "a putative retaliator does not even need to be employed by the plaintiff's employer to be liable under RSA 354-A:19." The question before us in this case is whether RSA 354-A:19 imposes liability upon individual employees for retaliation in the workplace. We have answered that it does. Thus, we have no occasion today to address the question of whether individuals who are not employed by the plaintiff's employer may be liable for retaliation under the statute.

Nonetheless, we agree with the defendant that it would be illogical to hold individual employees liable for retaliation when they are employed by an employer that is exempt from liability under the chapter. See State v. Rollins-Ercolino, 149 N.H. 336, 341 (2003) (court will not interpret statute to require an illogical result). RSA 354-A:19 relates to those persons "engaged in any activity to which this chapter applies." The chapter applies only to those employers with six or more employees. See RSA 354-A:2, VII. Thus, consistent with our interpretation of liability under RSA 354-A:2 and RSA 354-A:7, I, we interpret RSA 354-A:19 as imposing liability for retaliation on individual employees in the workplace of a qualifying employer under the chapter. See id.

The defendant further argues that interpreting RSA 354-A:19 as applying to individual persons engaged in the activity of employment, housing, or public accommodations leads to an absurd or illogical result because it is possible that those persons the legislature intended to protect from unlawful discrimination under the chapter could themselves be liable for unlawful retaliation. However, an employee who otherwise enjoys the protection of the statute is not, for that reason, shielded from liability for retaliatory conduct prohibited by the statute. Cf. Martin v. Irwin Indus. Tool Co., 862 F. Supp. 2d 37, 38, 38-40 (D. Mass. 2012) (rejecting co-worker defendant's argument that retaliation provision in Massachusetts' anti-discrimination law applied only to "employers and those 'persons' who exercise similar degrees of authority" and finding that statutory language allowed for a co-employee to be held liable); Beaupre v. Cliff Smith & Associates, 738 N.E.2d 753, 764, 764-67 (Mass. App. Ct. 2000) (recognizing that plain language of retaliation provision in

Massachusetts' anti-discrimination statute "provides on its face for individual personal liability" and upholding jury verdict against employee under statute).

Finally, we note that, if the legislature disagrees with our interpretation of RSA 354-A:19, it is, of course, "free to amend the statute as it sees fit." State v. Mandatory Poster Agency, Inc., 168 N.H. ___, ___ 126 A.3d 844, 849 (2015) (quotation omitted).

For these reasons, we conclude that individual employees may be held liable for retaliation in the workplace under RSA 354-A:19. We, therefore, answer the second certified question in the affirmative.

Remanded.

DALIANIS, C.J., and HICKS and LYNN, JJ., concurred.