NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2019-0535


PETITION OF NEW HAMPSHIRE DIVISION FOR CHILDREN, YOUTH AND FAMILIES

Argued: July 1, 2020
Opinion Issued: September 30, 2020


Gordon J. MacDonald, attorney general (Daniel E. Will, solicitor general, and Anthony J. Galdieri, senior assistant attorney general, on the brief, and Mr. Galdieri orally), for the New Hampshire Division for Children, Youth and Families.


Primmer Piper Eggleston & Cramer PC, of Manchester (Doreen F. Connor on the brief and orally), for the respondent.


DONOVAN, J.  The court accepted the New Hampshire Division for Children, Youth and Families' (DCYF) petition for original jurisdiction pursuant to Supreme Court Rule 11 to determine whether the Superior Court (Kissinger, J.) erred in denying DCYF's motions to dismiss the respondent's claims on statute of limitations grounds.  DCYF argues that the respondent's claims must be dismissed because she did not bring them within three years of her injuries as required by RSA 541-B:14, IV (Supp. 2019).  We conclude that the discovery rule provided in RSA 508:4, I (2010) applies to actions brought under RSA chapter 541-B (2007 & Supp. 2019), and, accordingly, affirm the trial court's order and remand for further proceedings.

## I. Facts

We assume the following facts, as alleged in the respondent's complaints, to be true. While under the care of DCYF, separate individuals sexually assaulted the respondent on two separate occasions. The first assault occurred in February 2011, when the respondent was approximately 12 years old, after DCYF placed her in the care of a foster family. While living with the foster family, a neighbor's cousin raped the respondent.

The second assault occurred in June 2015, when the respondent was approximately 16 years old, after DCYF placed her in a children's home. An employee of the children's home inappropriately touched, threatened, and raped the respondent.

In November and December 2018, the respondent filed two complaints alleging, in relevant part, claims of negligence, breach of fiduciary duty, and vicarious liability against DCYF, all relating to the sexual assaults that occurred while she was in DCYF custody. DCYF moved to dismiss the claims, arguing that they were barred by the three-year statute of limitations provided in RSA 541-B:14, IV. The respondent objected and argued, among other things, that she could not have discovered DCYF's potential legal fault until December 19, 2016, when an independent audit of DCYF was publicly released that detailed DCYF's various shortcomings regarding child welfare and safety. Therefore, according to the respondent, she had filed her actions in a timely manner pursuant to the discovery rule set forth in RSA 508:4, I.

The trial court declined to dismiss the claims as time-barred. After reviewing the legislative history, it concluded that "the legislature intended that the discovery rule apply to RSA 541-B:14, IV's time limitation." The trial court also found that the respondent should not have been expected to investigate DCYF's potential fault for the assaults at the time they occurred given that the mechanism of harm or injury, sexual abuse, is "most readily attributable only to the actual abuser rather than to a third-party's negligence as well." Thus, considering her allegation that she did not learn of DCYF's potential culpability until the report was released, the court concluded that her actions were timely under the discovery rule.[1]

This petition followed. In its petition, DCYF asks us to determine whether the trial court erred in concluding that the discovery rule applies to claims brought under RSA chapter 541-B.

---

[1] DCYF has not asked this court to review the trial court's determination that, based upon the facts alleged in the complaints, the respondent did not know of, and could not have been expected to investigate, DCYF's potential culpability prior to December 19, 2016.

## II. Standard of Review

Whether the discovery rule applies to claims brought under RSA chapter 541-B turns on statutory interpretation, which is a question of law subject to de novo review. See Appeal of Town of Lincoln, 172 N.H. 244, 247 (2019); Steir v. Girl Scouts of the United States, 150 N.H. 212, 214-15 (2003). In matters of statutory interpretation, we are the final arbiter of the legislature's intent. Petition of Carrier, 165 N.H. 719, 721 (2013). When interpreting a statute, our first step is to examine the language of the statute, and, if possible, construe that language according to its plain and ordinary meaning. Id. We do not consider words or phrases in isolation, but within the context of the statute as a whole. Id. If a statute is unambiguous, then the first step of our analysis is also the last, and we need not consider legislative history to aid our analysis. See id.

## III. Analysis

We begin with the relevant statutory language. DCYF, as a state agency, enjoys the State's sovereign immunity and is immune from suit in New Hampshire courts, unless a statute waives that immunity. Chase Home for Children v. N.H. Div. for Children, Youth & Families, 162 N.H. 720, 730 (2011); see RSA 99-D:1 (2013). One such statute is RSA chapter 541-B, which, among other things, waives sovereign immunity for tort claims against state agencies in certain circumstances. RSA 541-B:1, II-a (Supp. 2019); see Laramie v. Stone, 160 N.H. 419, 436 (2010). The statute requires that "[a]ny claim submitted under this chapter . . . be brought within 3 years of the date of the alleged . . . injury." RSA 541-B:14, IV.

Similarly, RSA 508:4, I, which governs personal actions generally, requires that, "[e]xcept as otherwise provided by law, all personal actions . . . be brought . . . within 3 years of the act or omission complained of." RSA 508:4, I, also contains what is known as the discovery rule, which provides that

> when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

The discovery rule "is designed to provide relief in situations where the plaintiff is unaware of either [her] injury or that the injury was caused by a wrongful act or omission." Beane v. Dana S. Beane & Co., 160 N.H. 708, 713 (2010)

(quotation omitted). Accordingly, under the rule, the statute of limitations begins to run once a plaintiff knows or reasonably should know that she had been injured and her injury was proximately caused by the conduct of the defendant. See id.

DCYF argues that RSA 508:4, I, does not apply to the respondent's claims and, thus, because RSA 541-B:14, IV is unambiguous and does not contain a discovery rule, the respondent's actions are untimely. Although we agree that RSA 541-B:14, IV is unambiguous and does not contain a discovery rule, we conclude that the discovery rule set forth in RSA 508:4, I, applies to the respondent's claims.

The provisions of RSA chapter 508 (2010 & Supp. 2019) do not apply "to cases in which a different time is limited by statute." RSA 508:1 (2010) (emphasis added). The purpose of RSA 508:1 is to make "RSA chapter 508 the source for 'catch-all' statutes of limitations and tolling provisions, and to ensure that more specific statutes found elsewhere remain controlling." Doggett v. Town of North Hampton, 138 N.H. 744, 747 (1994). Additionally, RSA 508:1 only bars application of RSA chapter 508 when the statutes being compared have "similar, potentially conflicting, types of limits." Id.

The time limitations provided for in RSA 508:4, I, and RSA 541-B:14, IV are the same; both require that claims be brought within three years of the date of injury. RSA 508:4, I; RSA 541-B:14, IV. Furthermore, RSA 541-B:14, IV is silent on the discovery rule. Thus, the two statutes do not contain "potentially conflicting" types of limits; a plaintiff can "obey both rules without conflict." Doggett, 138 N.H. at 747-48. Accordingly, RSA 508:1 does not preclude the discovery rule from applying to claims brought under RSA 541-B:14, IV. The three-year limitations period contained in RSA 541-B:14, IV can be read and applied harmoniously with the discovery rule in RSA 508:4, I.

DCYF relies upon our decision in Steir, 150 N.H. 212, in support of its argument that the three-year limitations period in RSA 541-B:14, IV constitutes a "different time" for purposes of RSA 508:1. In Steir, the plaintiff, a minor with cerebral palsy, filed a discrimination suit pursuant to the New Hampshire Law Against Discrimination (LAD). Steir, 150 N.H. at 213-14; see RSA ch. 354-A (2009 & Supp. 2019). In that case, we decided whether the disability tolling provision in RSA 508:8 (2010), which allows a claim to be brought two years after a disability is removed, could relieve the plaintiff of the obligation to bring her claim within the 180-day limitation period as required by the LAD. Steir, 150 N.H. at 214. We determined that, because the limitations period in the LAD was more specific and the legislature had not excepted minors from conforming with it, RSA 508:1 required that the 180-day limitations period in RSA 354-A:21, III (2009) control instead of the two-year tolling provision in RSA 508:8. Id. at 215.

4

This case is distinguishable from <u>Steir</u> because the discovery rule in RSA 508:4, I, is compatible with claims brought against the State pursuant to RSA 541-B:14, IV. Unlike in <u>Steir</u>, where the statutes at issue implicated two distinct limitations periods, the statutes at issue in this case both involve three-year time limits and RSA 541-B:14, IV does not include a specific discovery rule. <u>See</u> RSA 508:4, I; RSA 541-B:14, IV.

DCYF also points to RSA 541-B:9, I (2007), which states that "[c]laims under this chapter shall be brought solely in accordance with the provisions of this chapter," in support of its argument that RSA 508:4, I's discovery rule cannot be applied to claims brought under RSA chapter 541-B. However, the plain language of RSA chapter 541-B expresses a legislative intent to permit injured parties to sue state agencies for injuries proximately caused by the State's wrongful conduct or omission. RSA 541-B:1, II-a, :14; <u>see</u> <u>Laramie</u>, 160 N.H. at 436. RSA chapter 508's purpose is to function as a "catch-all" for tolling provisions when another statute has no comparable provision, <u>see</u> <u>Doggett</u>, 138 N.H. at 747, and chapter RSA 541-B has no such provision; specifically, no discovery rule. The purpose of the discovery rule is to provide injured parties an avenue of relief when they did not and reasonably could not know of the harm or its causal link to a wrongful act or omission by another party. <u>See</u> <u>Beane</u>, 160 N.H. at 713.

We will not read RSA 541-B:9, I, in conjunction with either RSA 541-B:14 or RSA 508:4, I, in such a way that would do "violence to the apparent policy of the Legislature" in limiting the application of sovereign immunity, on the one hand, and enacting a "catch-all" discovery rule, on the other. <u>State ex rel Fortin v. Harris</u>, 109 N.H. 394, 395 (1969). Indeed, the legislature has consistently expanded the scope of RSA chapter 541-B to lessen the harshness of the sovereign immunity doctrine in response to observations by this court. <u>See</u> <u>Slovenski v. State</u>, 132 N.H. 18, 20-21 (1989).

Furthermore, we have advised the legislature that we would apply the discovery rule to claims brought under RSA 541:B:14, IV. <u>See</u> <u>Opinion of the Justices</u>, 126 N.H. 554, 566 (1985). Prior to amending RSA 541-B:14, IV, the legislature requested our opinion as to the constitutionality of that provision, which at the time provided a six-year statute of limitations for claims filed against the State. <u>Id</u>. at 556-57, 566. Recognizing that it is "manifestly unfair to foreclose an injured person's cause of action before [she] has had a reasonable chance to discover its existence," we advised the legislature "that the 'discovery rule' governs the accrual of causes of actions under" RSA 541-B:14, IV, in order to avoid equal protection concerns. <u>Id</u>. at 566 (quotation omitted); <u>see</u> <u>Shillady v. Elliot Community Hospital</u>, 114 N.H. 321, 324 (1974), <u>superseded by statute as recognized in</u> <u>Beane</u>, 160 N.H. at 712 (explaining that the discovery rule avoids "undue strain upon common sense, reality, logic and simple justice to say that a cause of action has accrued to the plaintiff and has

5

been outlawed before she was or should have been aware of its existence" (quotation omitted)).  DCYF argues that there is, in fact, no equal protection concern presented by interpreting RSA 541-B:14, IV to exclude the discovery rule.  We need not decide that issue today and, as DCYF points out, the Opinion of the Justices is not precedential.  However, we believe that the legislature took us at our word, see Opinion of the Justices, 126 N.H. at 566, and enacted the amended version of RSA 541-B:14, IV understanding that the discovery rule would apply to claims brought under it.  If the legislature had disagreed with our interpretation, it would have explicitly stated that the discovery rule does not apply to actions brought under RSA chapter 541-B.  If it disagrees with our interpretation today, it is free, subject to constitutional limitations, to amend the statute.  See State v. Proctor, 171 N.H. 800, 807 (2019).

## IV.  Conclusion

For the reasons stated above, we conclude that the discovery rule in RSA 508:4, I, applies to claims brought under RSA chapter 541-B.  We therefore affirm the trial court's decision to deny DCYF's motions to dismiss and remand for further proceedings.

Affirmed and remanded.

HICKS and BASSETT, JJ., concurred.

6