**Amanda MARTIN, Plaintiff**

v.

**IRWIN INDUSTRIAL TOOL COMPANY and Jinesh Desai, Defendants.**

Civil Action No. 12–30048–KPN.

United States District Court, D. Massachusetts.

May 3, 2012.

Michael O. Shea, Law Office of Michael O. Shea, Wilbraham, MA, for Plaintiff.

Amy B. Royal, Daniel W. Morton–Bentley, Karina L. Schrengohst, Royal LLP, Northampton, MA, for Defendants.

*MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S MOTION TO DISMISS (Document No. 11)*

NEIMAN, United States Magistrate Judge.

Amanda Martin ("Plaintiff") brings this action against Irwin Industrial Tool Company ("Irwin") and Jinesh Desai ("De-

sai"),[1] alleging sexual harassment and asserting as well that her termination from employment was retaliation for filing a claim against Desai. Plaintiff alleges as to both defendants violations of M.G.L. c. 151B ("chapter 151B") and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The parties have jointly consented to the jurisdiction of this court pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73.

Presently before the court is Desai's motion to dismiss the complaint because he is not an "employer" under state or federal law. For the reasons that follow, the motion will be allowed in part only.

## I. BACKGROUND

The following facts come directly from the complaint and are stated in a light most favorable to Plaintiff, the party opposing dismissal. *Young v. Lepone,* 305 F.3d 1, 8 (1st Cir.2002).

Plaintiff was employed by Irwin in 2005 as a machine operator. (Complaint ¶ 1.) At some time point during her employment, Desai, a co-worker and fellow machine operator, began to ask Plaintiff if she would go out with him on a date. Plaintiff refused those advances, whereupon Desai allegedly called her derogatory names and made sexual references about her to co-workers. (Id. ¶¶ 8–10.) Plaintiff complained about Desai's behavior to Irwin's management and its human resources office and, in October of 2011, filed a formal claim against Desai. (Id. ¶ 11.) Plaintiff was told by the human resources office that it would investigate the situation, but Plaintiff never received any report and Desai was not separated from her. (Id. ¶ 12.) On November 14, 2011, Plaintiff was terminated by Irwin, for reasons which Plaintiff alleges are false. (Id. ¶ 13.) The instant suit followed.

## II. DISCUSSION

Desai seeks to dismiss both the federal claims arising under Title VII (Counts V and VI), which dismissal Plaintiff does not oppose, and the state law claims arising under chapter 151B (Counts VII and VIII). The particular provisions of chapter 151B at issue make it unlawful for "any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because [she] has opposed any practices forbidden under this chapter," and/or for "any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter." M.G.L. c. 151B, § 4(4), (4A). Desai does not dispute that, unlike its federal counterpart, chapter 151B allows for individual liability but argues that chapter 151B applies only to employers and those "persons" who exercise similar degrees of authority. In response, Plaintiff argues that the plain meaning of the statute provides for individual personal liability, regardless of whether the individual is considered an employer or supervisor.

The court finds that Desai's argument is unsupported by the text of the statute and the relevant case law and, accordingly, will deny his motion to dismiss. First, as Plaintiff notes, nothing on the face of the statute limits the categories of the persons who may be held personally liable. To the contrary, section 4, which makes various employment practices unlawful, contains multiple subsections which pertain to a multitude of individuals and entities. A survey of the section's provisions, which the court does not mean to be exhaustive,

---

**1.** Desai indicates that his last name is spelled incorrectly in the caption and the complaint. The court will use the spelling he provided.

includes the following: an "employer, by himself or his agent" (subsection (1)), "the commonwealth or any of its political subdivisions, by itself or its agent (subsection (1 C))," an "owner, lessee, sublessee, or managing agent of, or other person having the right of ownership or possession of or the right to sell, rent or lease, commercial space" (subsection (8)), and "any retail store which provides credit or charge account privileges (subsection (12))." Several subsections appear to apply only to "employers," *see, e.g.,* M.G.L. c. 151B § 4(9), (9A), (11A), (16), while at least one of the subsections qualifies the type of employer that may be held liable. *See* M.G.L. c. 151B, § 4(1B) (applying only to "an employer in the private sector"). In stark contrast, subsections (4) and (4A) specifically apply to "any person." M.G.L. c. 151B § 4(4), (4A).

These differences contain telling distinctions which the court is loathe to disregard. *See Duncan v. Walker,* 533 U.S. 167, 173, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) ("It is well settled that where [the legislature] includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [the legislature] acts intentionally and purposely in the disparate inclusion or exclusion.") (internal quotation marks omitted). In the court's view, Desai's suggestion that liability be limited so as to exclude rank-and-file employees would undermine the legislature's broad intent as embodied by the phrase "any person" in subsections (4) and (4A).

Second, as the First Circuit has noted, individual liability for non-employers or non-employer-agents is supported by decisions from the Massachusetts Commission Against Discrimination ("MCAD" or "Commission"), which are "accorded deference in the interpretation of ch. 151B." *Barton v. Clancy,* 632 F.3d 9, 20 n. 8 (1st Cir.2011) (citing *College–Town, Div. of Interco, Inc. v. MCAD,* 400 Mass. 156, 508 N.E.2d 587, 593 (1987)). In fact, the MCAD, repeatedly, has broadly interpreted the term "any person" as used in subsections (4) and (4A). *See Beaupre v. Cliff Smith & Assocs.,* 50 Mass.App.Ct. 480, 738 N.E.2d 753, 764 (2000) (noting that the MCAD "has long recognized and imposed individual liability under [chapter 151B]," including under subsections (4) and (4A)); *see also Rushford v. Bravo's Pizzeria & Restaurant,* 2001 WL 1602825, at *7–8 (MCAD May 19, 2001) (collecting cases and noting that the Commission "has long recognized and imposed individual liability under [chapter 151B]," specifically under subsections (4) and (4A)).

There are other examples as well. In *Erewa v. Reis,* 20 M.D.L.R. 36, 38 (MCAD 1998), the MCAD addressed as a matter of first impression the question of whether chapter 151B included in its ambit "the liability of an individual for employment discrimination where the individual is not an employer or the agent of the employer is one of first impression for this Commission." Applying what it called a "literal interpretation" of the statute, the MCAD concluded that "the words 'any person' could not be interpreted, standing alone, to require any relationship to any employer." Accordingly, the MCAD held an elderly patient's niece liable under subsection (4A) for racially harassing a home health care worker in the patient's home despite the absence of any employment relationship. *Id.* More recently, in *Cook v. Miskel,* 2009 WL 4517125, at *3 (MCAD Nov. 23, 2009), the claimant, an administrative assistant at the Massachusetts House of Representatives, filed a sexual harassment suit under subsection (4A) against a fellow employee who was "not her employer, supervisor or manager"; the MCAD nonetheless imposed liability on the respondent, finding that his conduct rose to the level of sexual

harassment proscribed by section 4, noting the Commission's precedent regarding the imposition of liability on "any person" who violates chapter 151B, § 4(4A). *Id.* at *4. In sum, the MCAD has made it clear that subsections (4) and (4A) encompass personal liability for non-supervisory employees.

Third, the statutory construction urged by Plaintiff finds support in the relevant case law. Granted, the Supreme Judicial Court has yet to address this particular issue, but the court finds a Massachusetts Appeals Court decision elucidating. In *Beaupre v. Cliff Smith & Assocs.*, 50 Mass. App.Ct. 480, 738 N.E.2d 753, 764 (2000), a plaintiff sexually harassed by another employee sued both the employee—the president and controlling shareholder of the defendant corporation—and her employer for violations of chapter 151B. Following a trial, a jury found both defendants liable, and they appealed. On appeal, the defendant employee argued that no Massachusetts appellate decision had recognized personal liability under chapter 151B and that such liability is limited to employers—the exact argument now proffered by Desai.

In rejecting this argument, the court referred to the "plain language of the statute" which, including the specific subsections (4) and (4A), "provides on its face for individual personal liability in several sections." *Id.* at 764, 764 n. 16. The court also noted the dictates of section 9, which declares that provisions of chapter 151B are to be construed liberally to achieve its purposes, one of which is to discourage and penalize discriminatory conduct. *See id.* at 764–65. Accordingly, the court affirmed the verdict against the employee.

Nonetheless, Desai argues that a rule extending liability to rank-and-file employees who exercise no control over a claimant would be "patently unfair." Desai

takes particular aim at the Appeals Court's decision in *Beaupre,* arguing that liability attached only because the employee sued was the president and sole shareholder of the defendant-employer-corporation. This court disagrees.

First, there is no indication that the *Beaupre* decision turned on the defendant's managerial position. Rather, as the court made clear, its decision was based on the "plain language" of chapter 151B, which "does not limit the categories of persons who may be individually liable." *Id.* at 764. Second, as described, the MCAD has clearly rejected Desai's position, *see Cook,* 2009 WL 4517125, *3 (holding a non-supervisory employee liable for sexual harassment), and, in *Rushford,* 2001 WL 1602825, at *8, it restated unequivocally that managerial or supervisory authority is "clearly not a prerequisite to the imposition of individual liability."

To be sure, the MCAD in *Rushford* also indicated that the exercise of such authority is "a factor worthy of consideration"; but that proposition is practically self-evident in light of the acts which create liability under the statute, *i.e.,* where the defendant "discharge[s], expel[s], or otherwise discriminate[s] against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint" or "coerce[s], intimidate[s], threaten[s], or interfere[s] with another person in the exercise or enjoyment of any right granted or protected by this chapter." M.G.L. c. 151B, § 4(4), (4A). Thus, a defendant's managerial position may render it more likely that he or she may run afoul of one or more of these provisions, but a co-employee could also be held liable without any such supervisory responsibility. Here, for example, Desai's actions, as fleshed out during discovery, may be found sufficient to have created a hostile work environment or to have constituted retalia-

tion under subsection (4) or (4A). In light of these considerations, the court will deny Desai's motion to dismiss as it concerns the chapter 151B claims against him (Counts VII and VIII).

### III. CONCLUSION

For the reasons stated, Desai's motion to dismiss is ALLOWED as to the Title VII claims (Counts V and VI) but DE-NIED as to the chapter 151B claims (Counts VII and VIII). The Clerk shall set this matter down for a scheduling conference.

IT IS SO ORDERED.